# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

-----------------------------------------------------------------X
                                   :

ZAKIRJAN,                                 :
          Detainee,                    :
          Guantánamo Bay Naval Station,  :
          Guantánamo Bay, Cuba;        :
                                 :          Case No. 05 Cv 2053 (HHK)

ABU BAKKER QASSIM,             :
      as Next Friend of Zakirjan;     :
                                 :
              Petitioners/Plaintiffs,    :

                - against -              :

GEORGE W. BUSH, *et al*.,         :
                                 :
              Respondents/Defendants.  :
                                 :

-----------------------------------------------------------------X

## PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER TO PREVENT RESPONDENTS FROM REMOVING PETITIONER FROM GUANTÁNAMO UNTIL PETITIONER'S <u>MOTION FOR PRELIMINARY INJUNCTION IS DECIDED</u>

Pursuant to Federal Rules of Civil Procedure 64 and 65, Petitioner Zakirjan (hereinafter "Petitioner"), acting on his own behalf and through his Next Friend, Abu Bakker Qassim, applies for a temporary restraining order preventing Respondents from transferring Petitioner from Guantánamo Bay Naval Base in Cuba ("Guantánamo") to a foreign country until the outstanding Motion for Order Requiring Respondents to Provide Counsel for Petitioners and the Court with 30- Days' Advance Notice of Any Intended Removal of Petitioners from Guantánamo (the "Preliminary Injunction Motion") is decided.[1]  Petitioner requests further that this motion be returnable on November 4, 2005.

---

[1]  The Preliminary Injunction Motion is attached hereto as Exhibit A.

## PRELIMINARY STATEMENT

Without a temporary restraining order, Respondents could transfer Petitioner from Guantánamo Bay before counsel for Petitioner has the opportunity to contest the legality of such a transfer, thus denying precisely the relief sought by the pending Preliminary Injunction Motion.

The relief Petitioner asks for in the Preliminary Injunction Motion is itself very limited. In that Motion, Petitioner seeks an order requiring Respondents to give advance notice to the Court and counsel before removal of Petitioner from Guantánamo to a foreign country where, Petitioner fears, he might be tortured or else detained indefinitely without any legal process. In making that Motion, Petitioner asks for no more than maintenance of the status quo in this litigation and an opportunity to contest the legality of his removal before it becomes a *fait accompli*. The instant motion for a temporary restraining order seeks even less: maintenance of the status quo while Petitioner's previously filed Preliminary Injunction Motion is pending.

The need to maintain the status quo in this case is particularly compelling where, as here, the Combatant Status Review Tribunal – a body created and overseen by the government – has apparently determined that Petitioner is <u>not</u> an "enemy combatant," thereby removing any basis whatsoever for his continued detention. <u>See</u> Petition for Writ of Habeas Corpus ¶ 13 ("Petition"); October 14, 2005 Declaration of Sabin Willett in Support of Petition for Writ of Habeas Corpus and Complaint for Declaratory Injunctive Relief ¶¶ 4-5 ("Willett Decl."). It is thus critical that a temporary restraining order be issued in order to prevent Respondents from transferring Petitioner to another jurisdiction before the Court is afforded the opportunity to address Petitioner's claim of innocence.

In an effort to avoid burdening the Court with unnecessary motion practice, upon serving Respondents with the Preliminary Injunction Motion, Petitioner's counsel requested that

the government agree not to transfer Petitioner to a foreign jurisdiction pending the Court's ruling on the Preliminary Injunction Motion.[2]  The government refused.  <u>See</u> Moore Decl. ¶ 5. In response, Petitioner's counsel requested the government agree at the very least to provide advance notice of any intended transfer prior to the Court's ruling on the Preliminary Injunction Motion.  <u>See</u> <u>id.</u>  Again, the government refused, causing Petitioner great concern that the government may intend to remove him to a foreign jurisdiction imminently.  <u>See</u> <u>id.</u> ¶ 6.

## STATEMENT OF FACTS

Upon information and belief, the government has determined that Petitioner is <u>not</u> an "enemy combatant."  <u>See</u> Willett Decl. ¶¶ 4-5; Petition ¶ 13.  Accordingly, in or about August 2005, Petitioner Zakirjan was transferred from a maximum-security interrogation and detention center in Guantánamo to another United States military facility in Guantánamo called Camp Iguana, where he remains held today, along with other detainees also determined by Respondents not to be "enemy combatants."  <u>See</u> Willett Decl. ¶¶ 4-6; Petition ¶ 27.  Despite the government's apparent conclusion that Petitioner is not an "enemy combatant," and therefore poses no threat, he remains detained in Guantánamo against his will.

On October 19, 2005, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2242, charging that Petitioner is being detained in violation of the Constitution, laws and treaties of the United States, and in violation of international law.  <u>See</u> <u>generally</u> Petition.

Petitioner has reason to fear he will be transferred to a country where he will be tortured and/or detained indefinitely without due process of law.  Upon information and belief, the United States has secretly removed detainees and others suspected of terrorist crimes to other

---

[2]  <u>See</u> Declaration of Christopher P. More in Support of Motion for Temporary Restraining Order to Prevent Respondents from Removing Petitioner from Guantánamo Until Petitioner's Motion for Preliminary Injunction is Decided ¶ 3, dated November 3, 2005 ("Moore Decl.").

countries for interrogation or detention without complying with extradition or other legal

process.  This practice, known as "rendition," "irregular rendition," or "extraordinary rendition,"

has reportedly been used to facilitate interrogation by subjecting detainees to torture.  See Jane

Mayer, Outsourcing Torture: The Secret History of America's "Extraordinary Rendition"

Program, The New Yorker, Feb. 14, 2005, at 106; see also generally Preliminary Injunction

Motion at 3-6.

        Accordingly, on Friday, October 28, 2005, Petitioner filed and served the

Preliminary Injunction Motion, seeking an order requiring Respondents to provide 30-days'

advance notice to the Court and counsel of any intended removal of Petitioner from

Guantánamo.  On that same day, Petitioner's counsel requested by email that the government

agree not to transfer Petitioner pending the Court's ruling on the Preliminary Injunction Motion.

See Moore Decl. ¶ 3.  Monday, October 31, passed with no response from the government.

Thus, on the morning of Tuesday, November 1, counsel for Petitioner called the government's

counsel, again requesting that the government agree not to transfer Petitioner to another

jurisdiction prior to the Court's ruling.  See id. ¶ 4.  Counsel for the government stated that he

could not provide an answer at that time, but would make an effort to respond as soon as

possible.  See id.  Later that afternoon, the government replied to Petitioner's October 28 email:

> We cannot agree not to transfer petitioner until the court rules on the
> pending motion for preliminary injunction, but we know of no reason why
> this matter cannot be decided on a regular preliminary injunction schedule.

Id. (Ex. A).

        Petitioner's counsel therefore requested that the government agree to provide

advance notice of any intended removal prior to the Court's ruling on the Preliminary Injunction

Motion, in the hope of avoiding the unnecessary filing of a motion for temporary restraining

order absent imminent risk of Petitioner's transfer.  See id. ¶ 5.  Again, the government refused:

> We cannot agree to provide advance notice of transfer between now and
> the court's ruling on the motion for preliminary injunction.  But we know
> of no reason why the motion cannot be decided on the traditional
> preliminary injunction schedule.

Id. (Ex. A).

The government's refusal to provide advance notice of any intended removal

prior to the Court's ruling on the Preliminary Injunction Motion causes Petitioner great concern

that his transfer to a foreign jurisdiction – where he may be tortured and/or detained indefinitely

without any legal process – is imminent.  Indeed, Petitioner is aware of no other reason for

refusing such a simple request.

On the morning of November 3, 2005, counsel for Petitioner called counsel for

the government and informed him that the instant motion would be filed, and proposed that a

hearing on the motion be scheduled as soon as possible.  See id. ¶ 7.  The parties are available for

a hearing at the Court's convenience.  See id.

## ARGUMENT

The purpose of a temporary restraining order is to preserve the status quo and

prevent irreparable harm until a hearing can be held.  See Granny Goose Foods, Inc. v.

Brotherhood of Teamsters, 415 U.S. 423, 439 (1974).

In considering a request for a preliminary injunction or temporary restraining

order, a court must examine whether:  "(1) there is a substantial likelihood plaintiff will succeed

on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an

injunction will substantially injure the other party; and (4) the public interest will be furthered by

an injunction."  Abdah v. Bush, No. Civ.A. 04-1254, 2005 WL 589812, at *2 (D.D.C. Mar. 12,

2005) (granting temporary restraining order preventing removal of detainee from Guantánamo until pending motion for preliminary injunction is decided) (quoting <u>Davenport v. Int'l Brotherhood of Teamsters, AFL-CIO</u>, 166 F.3d 356, 360 (D.C. Cir. 1999)). These factors interrelate on a sliding scale and must be balanced against each other. <u>Davenport</u>, 166 F.3d at 361.

Where the balance of hardships tips decidedly toward the movant, it will "ordinarily be enough that the [movant] has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." <u>Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.</u>, 559 F. 2d 841, 844 (D.C. Cir. 1977) (quoting <u>Hamilton Watch Co. v. Benrus Watch Co.</u>, 206 F.2d 738, 740 (2d Cir. 1953)). "An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant. There is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success." <u>Washington Metro</u>, 559 F.2d at 844.

Petitioner has a strong likelihood of success on the merits. <u>See</u> Preliminary Injunction Motion at 8-9. He has properly invoked the jurisdiction of this Court. <u>See</u> <u>Rasul v. Bush</u>, 124 S. Ct. 2686, 2698 (2004). Judge Joyce Hens Green has already ruled in related cases that petitioners have rights under the Due Process Clause of the Fifth Amendment and the Geneva Conventions. <u>In re Guantánamo Detainee Cases</u>, 355 F. Supp. 2d 443 (D.D.C. 2005), *appeal docketed*, No. 05-8003 (D.C. Cir. Mar. 21, 2005). In addition, as this Court has already recognized, transfer of a Guantánamo detainee without notice and leave of court is forbidden by Fed. R. App. 23(a), which requires that "pending review of a decision in a habeas corpus

proceeding commenced before a court . . . the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this Rule." Abdah v. Bush, No. Civ.A. 04-1254, 2005 WL 711814, at *5 (D.D.C. Mar. 29, 2005) (granting preliminary injunction requiring 30 days' advance notice to Court and counsel of any intended removal of detainees from Guantánamo). Indeed, in light of this Court's ruling in Abdah, 2005 WL 711814, that "Petitioners' transfer to another nation would assuredly deprive the court of its jurisdiction," Petitioner here has demonstrated "a clear likelihood of success in blocking a transfer made absent notice to, and approval from, the court." Id.[3]

Petitioner stands to suffer immeasurable and irreparable harm – from torture to possible death – if he is transferred into the hands of a foreign government. See Preliminary Injunction Motion at 7-8. Transfer to another country, even "if only" for continued imprisonment, could "effectively extinguish [Petitioner's] habeas claims by fiat. Such transfer[] would eliminate any opportunity for Petitioner[] to ever obtain a fair adjudication of [his] 'fundamental right to test the legitimacy of [his] detention.'" Abdah, 2005 WL 711814, at *4 (quoting Lee v. Reno, 15 F. Supp. 2d 26, 32 (D.D.C. 1998)). Respondents "may not act to deprive this court of its jurisdiction over the very 'corpus' of this case; indeed, the 'federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts for the protection of their rights in those tribunals.'" Id. (quoting Abu Ali, 350 F. Supp. 2d at 54).

In stark contrast to the actual bodily harm and loss of opportunity for legal redress that Petitioner faces, Respondents can articulate no actual harm that they will suffer by being restrained from transferring Petitioner out of Guantánamo between now and a ruling by this

---

[3] But see Abu Ali v. Ashcroft, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (judicial review of habeas petition not precluded where government "deliberately [tried to] shield[] [Petitioner] from constitutional scrutiny by keeping him outside the United States.").

Court on Petitioner's Motion for Preliminary Injunction.  <u>See</u> Preliminary Injunction Motion at 8.

Finally, public policy favors requiring Respondents to refrain from removing Petitioner from Guantánamo.  <u>See</u> Preliminary Injunction Motion at 9.  "This factor tilts in Petitioner['s] favor, because the public has a strong interest in ensuring that its laws do not subject individuals to indefinite detention without due process; it is always in the public interest to prevent the violation of a party's constitutional rights."  <u>Abdah,</u> 2005 WL 711814, at *6 (quoting <u>G & V Lounge, Inc. v. Mich. Liquor Control Comm'n</u>, 23 F.3d 1071, 1079 (6th Cir. 1994)).

# CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter an

order preventing Respondents from removing Petitioner from Guantánamo until Petitioner's

Preliminary Injunction Motion is decided.

Dated:  November 3, 2005                     Respectfully submitted,

                                            Counsel for Petitioner:

                                            CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                            By:_____/s/_____
                                                   Jonathan I. Blackman (NY3846)
                                            One Liberty Plaza
                                            New York, New York 10006
                                            (212) 225-2000

Of Counsel:
    Christopher P. Moore (NY4936)
    Patrick A. Sheldon (NY1598)


                                            Barbara Olshansky (NY0057)
                                            Tina Monshipour Foster (NY5556)
                                            Gitanjali S. Gutierrez (NY1234)
                                            CENTER FOR CONSTITUTIONAL RIGHTS
                                            666 Broadway, 7th Floor
                                            New York, New York 10012
                                            Tel.:  (212) 614-6437
                                            Fax:  (212) 614-6499

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

----------------------------------------------------------------X

ZAKIRJAN,
      Detainee,
      Guantánamo Bay Naval Station,
      Guantánamo Bay, Cuba;

ABU BAKKER QASSIM,
      as Next Friend of Zakirjan;

              Petitioners/Plaintiffs,

         - against -

GEORGE W. BUSH, *et al*.,

             Respondents/Defendants.

Case No. 05 Cv 2053 (HHK)

----------------------------------------------------------------X

## [PROPOSED] TEMPORARY RETRAINING ORDER

      IT IS HEREBY ORDERED that Respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, be, and are, hereby immediately and temporarily restrained from removing Petitioner from Guantánamo Bay Naval Base until Petitioner's Motion for Preliminary Injunction is decided.

Dated: _____

_____
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

```
-----------------------------------------------------------------X
                                                                 :
ZAKIRJAN,                                                        :
            Detainee,                                            :
            Guantánamo Bay Naval Station,                        :
            Guantánamo Bay, Cuba;                                :
                                                                 :
                                                                 :          Case No. 05 Cv 2053 (HHK)
ABU BAKKER QASSIM,                                               :
        as Next Friend of Zakirjan;                             :
                                                                 :
                                Petitioners/Plaintiffs,         :
                                                                 :
                        - against -                             :
                                                                 :
GEORGE W. BUSH, et al.,                                         :
                                                                 :
                                Respondents/Defendants.         :
                                                                 :
-----------------------------------------------------------------X
```

## CERTIFICATE OF COUNSEL REQUIRED BY LCvR 65.1

Pursuant to Rule 65.1(a) of the Rules of the District of Columbia, counsel for

Petitioner Zakirjan hereby certifies to the Court that (1) counsel for Respondents, Andrew

Warden, was notified by phone on the morning of November 3, 2005 that the instant motion

would be filed shortly thereafter and (2) copies of all pleadings and papers filed in the action to

date or to be presented to the court at any hearing on the instant motion have been furnished to

Mr. Warden.  Petitioner requests that the hearing on the instant motion be scheduled for Friday,

November 4, 2005, or as soon thereafter as the Court deems appropriate.

Dated:  November 3, 2005

Respectfully submitted,

Counsel for Petitioner:

CLEARY GOTTLIEB STEEN & HAMILTON LLP


By:_____/s/_____
        Jonathan I. Blackman (NY3846)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:
    Christopher P. Moore (NY4936)
    Patrick A. Sheldon (NY1598)


Barbara Olshansky (NY0057)
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel.:  (212) 614-6437
Fax:  (212) 614-6499