UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

----------------------------------------------------------------X
:
ZAKIRJAN, :
    Detainee, :
    Guantánamo Bay Naval Station, :
    Guantánamo Bay, Cuba; :
:
ABU BAKKER QASSIM, :   Case No. 05 Cv 2053 (HHK)
    as Next Friend of Zakirjan; :
:
              Petitioners/Plaintiffs, :
       - against - :
:
GEORGE W. BUSH, *et al.*, :
:
              Respondents/Defendants. :
:
----------------------------------------------------------------X

**DECLARATION OF CHRISTOPHER P. MOORE IN
SUPPORT OF MOTION FOR TEMPORARY RESTRAINING
ORDER TO PREVENT RESPONDENTS FROM REMOVING
PETITIONER FROM GUANTÁNAMO UNTIL PETITIONER'S
<u>MOTION FOR PRELIMINARY NJUNCTION IS DECIDED</u>**

Pursuant to 28 U.S.C. § 1746, Christopher P. Moore declares as follows:

1. I am a member of the Bar of the United States District Court for the Southern District of New York and an associate of Cleary Gottlieb Steen & Hamilton LLP, counsel for Petitioner.

2. I submit this declaration in support of Petitioner's motion for a temporary restraining order preventing Respondents from removing Petitioner from Guantánamo until Petitioner's Motion for Order Requiring Respondents to Provide Counsel for Petitioners and the Court with 30- Days' Advance Notice of Any Intended Removal of Petitioners from Guantánamo (the "Preliminary Injunction Motion") is decided.

3. On Friday October 28, 2005, Petitioner filed and served the Preliminary Injunction Motion, seeking an order requiring Respondents to provide 30-days' advance notice to the Court and counsel of any intended removal of Petitioner from Guantánamo. On that same day, I sent an email to Andrew Warden, counsel for the government in this matter, requesting that the government agree not to transfer Petitioner to a foreign jurisdiction pending the Court's ruling on the Preliminary Injunction Motion. A true and correct copy of that email is attached hereto as Exhibit A.

4. On the morning of Tuesday, November 1, 2005, as a follow up to my email of October 28, I called Mr. Warden, again requesting that the government agree not to transfer Petitioner to a foreign jurisdiction prior to the Court's ruling on the Preliminary Injunction Motion. Mr. Warden advised me at that time that he could not provide me with an answer to this request, but that he would attempt to provide a response as soon as possible.

5. On the afternoon of November 1, 2005, Mr. Warden replied to my email of October 28, stating that "[w]e [the government] cannot agree not to transfer petitioner until the court rules on the pending motion for preliminary injunction, but we know of no reason why this matter cannot be decided on a regular preliminary injunction schedule." Shortly thereafter, I replied to Mr. Warden's email proposing as an alternative that the government agree to provide advance notice of any intended transfer of Petitioner to a foreign jurisdiction before the Court's ruling on the Preliminary Injunction Motion. True and correct copies of these emails are attached hereto as Exhibit A.

6. On November 2, 2005, Mr. Warden replied to my email of November 1, 2005, stating that "[w]e [the government] cannot agree to provide advance notice of transfer between now and the court's ruling on the motion for preliminary injunction. But we know of no

reason why the motion cannot be decided on the traditional preliminary injunction schedule." A true and correct copy of that email is attached hereto as Exhibit A.

7. On the morning of November 3, 2005, I called Mr. Warden and informed him that the instant motion would be filed shortly after our call, and proposed that a hearing on the motion be scheduled as soon as possible. The parties are available for a hearing at the Court's convenience.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2005, in New York, New York.

\s\
CHRISTOPHER P. MOORE