UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZAKIRJAN, *et al.*,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05 Cv 2053 (HHK)

**DECLARATION OF SUSAN BAKER MANNING IN SUPPORT OF PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

I, Susan Baker Manning, declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts stated herein, except those stated on information and belief, and, if called upon, could and would testify competently to them.

2. I am counsel at the firm of Bingham McCutchen LLP, counsel of record for petitioners Abu Bakkar Qassim and A'del Abdu Al-Hakim in the action Qassim v. Bush, Case No. 05-0497 (JR), currently pending in the United States District Court for the District of Columbia. Bingham McCutchen is also counsel of record in Mamet v. Bush, Case No. 05-1602 (ESH), and Kiyemba v. Bush, Case No. 05-1509 (RMU), both of which are Guantanamo habeas cases currently pending in the United States District Court for the District of Columbia.

3. In the Qassim case, the Government has conceded that petitioners, including Mr. Qassim, are not enemy combatants. Mr. Qassim acts as Petitioner Zakirjan's next friend in the above-captioned matter.

4.   As reflected in the October 14, 2005 Declaration of Sabin Willett In Support Of Petition For Writ Of Habeas Corpus And Complaint For Declaratory And Injunctive Relief, Mr. Qassim met with Mr. Willett on August 29, 2005 and advised him at that time that Petitioner Zakirjan was an Uzbek citizen of Russia, that his ISN was 672, that he speaks Russian, that he, like Mr. Qassim, has been determined not to be an enemy combatant, that he, like Mr. Qassim, is held at Camp Iguana, and that he desires that counsel seek his release from the prison by means of habeas corpus.

5.   From November 14, 2005 through November 16, 2005 I visited the United States Naval Base in Guantanamo Bay, Cuba in order to meet with my clients, Mr. Qassim, Mr. Hakim and Mr. Turkistani.

6.   On both November 14 and November 16, 2005 I also was approached by and spoke with Mr. Zakirjan. My conversations with Mr. Zakirjan took place at Camp Iguana during breaks in between meetings with my clients. The guards were fully aware of these conversations and made no effort to intervene.

7.   Known as "Zakir" to other inmates, Mr. Zakirjan is approximately 5'6" in height, with a medium build, full beard with mustache and hair shaved very short. Mr. Zakirjan appears to be in his 40s. He speaks English, Russian and Arabic. Although he is not fluent in English, Mr. Zakirjan and I were able to communicate reasonably well in English.

8.   Mr. Zakirjan informed me that the Combatant Status Review Tribunal found him not to be an enemy combatant. I am informed and believe that military personnel first informed Mr. Zakirjan that he had been cleared by the CSRT on or about May 10, 2005. Although Mr. Zakirjan is a Russian citizen, he advised me that he does not wish to return to Russia because of unarticulated "political problems."

9.     Mr. Zakirjan stated that he has been attempting to obtain a lawyer for a very long time. He has been sending his name, ISN number and request for counsel with other inmates who were taken to Camp Echo to meet with lawyers, including Mr. Qassim.

10.    I informed Mr. Zakirjan that he is in fact represented by counsel, that counsel had filed litigation on his behalf, and that they were in the process of obtaining the security clearances necessary prior to any meeting with him. Mr. Zakirjan was extremely pleased to hear this news, and anxious to meet with his attorney Chris Moore, an associate with the law firm that is counsel of record in the above-captioned matter, Cleary Gottlieb Steen & Hamilton LLP. Mr. Zakerjain repeatedly asked me to tell his lawyers to prioritize his case, and to arrange for a meeting as soon as possible. Mr. Zakirjan was fully aware that the law firm of Cleary Gottlieb Steen & Hamilton LLP was acting on his behalf to seek his relief by means of habeas corpus, and desired that Clearly Gottlieb continue to do so.

11.    By agreement with the government, I have spoken by telephone with my non-enemy combatant clients in the Qassim case on two different occasions. I have also spoken with my non-enemy combatant client Saddiq Ahmad Turkistani (a petitioner in the Kiyemba case) on one occasion. My telephone conversation with Mr. Turkistani occurred prior to my first in-person meeting with him at Guantánamo.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 2, 2005, in Washington, D.C.

SBM

_____
Susan Baker Manning

3