IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKIRJAN,<br><br>    Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>    Respondents. | Civil Action No. 05-2053 (HHK) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONER'S MOTION FOR EXPEDITED ENTRY OF
PROTECTIVE ORDERS AND ORDER GRANTING PETITIONER
IMMEDIATE ACCESS TO COUNSEL BY TELEPHONE**

Respondents hereby respond to Petitioner's Motion for Expedited Entry of Protective Orders and Order Granting Petitioner Immediate Access to Counsel by Telephone (dkt. no. 22). Respondents do not oppose entry of the Protective Order, including procedures for counsel access, In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004),[1] and two related supplementary orders entered by Judge Joyce Hens Green in certain coordinated cases and subsequently entered in dozens of other Guantanamo detainee habeas cases.  However, respondents do oppose petitioner's attempt to have a whole new and different set of procedures concerning counsel access to wartime detainees created for this case.  Likewise, petitioner's request for telephonic access to counsel should be denied as not an appropriate subject for judicial intervention, or, in the alternative, as premature.  Petitioner's request is under consideration by the Commander, Joint Task Force-Guantanamo, who in his discretion has

---

[1] Petitioner's brief cites 355 F. Supp. 2d 443 (D.D.C. 2005), but what is reported at that citation is a subsequent memorandum opinion on other matters in the case, not the Protective Order at issue in the instant motion.  Petr's Mem. at 1.

accommodated past reasonable requests for telephone calls between detainees determined to no longer be enemy combatants ("NLECs")[2] and their attorneys, subject to suitable measures to address security-related concerns. However, such a telephone call cannot occur until the above-referenced Protective Order and related, supplementary orders are made applicable to this case, and counsel have been granted the requisite security clearances and have otherwise complied with the Protective Order.

## PROCEDURAL HISTORY

This petition for a writ of habeas corpus was originally filed as a "next friend" petition on October 19, 2005. Petitioner sought relief through his putative "next friend" Abu Bakker Qassim, another detainee at Guantanamo.

On November 18, 2005, respondents filed a motion for order to show cause why the case should not be dismissed for lack of proper "next friend" standing, or, in the alternative, stayed pending related appeals (dkt. no. 14). See generally Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). On December 2, 2005, responding to respondents' motion, petitioner for the first time provided information tending to show that in mid-November 2005, petitioner had a face-to-face conversation with counsel for Qassim and other Guantanamo detainees in which he directly communicated his authorization that petitioner's counsel herein represent him and pursue this action on his behalf, obviating the need to invoke a next-friend standing theory (dkt. nos. 19, 20, 21). Accordingly, on December 6, 2005, the Court (Oberdorfer, J., acting pursuant to

---

[2] A small number of individuals determined to be NLECs continue to be held, in conditions less restrictive than those applicable to detainees classified as enemy combatants, while the United States engages in efforts to make the necessary arrangements to enable those individuals to be released to their country of origin or a third country, as appropriate.

assignment of the motion) dismissed respondents' motion as moot (dkt. no. 24), and on December 16, 2005, dismissed putative next friend Abu Bakker Qassim as a party, noting that "[i]f petitioners have directly authorized counsel to proceed on their behalf, then petitioners necessarily do not meet the 'next friend' standing requirements" (dkt. no. 26).

In the meantime, on December 2, 2005, petitioner filed the instant motion seeking entry of certain relief he calls the "NEC Orders"[3] as well as an order requiring respondents to allow an immediate telephone call between petitioner and counsel (dkt. no. 22).

## ARGUMENT

A.   **The Court Should Not Fashion a Whole New Set of Procedures Concerning Counsel Access to Wartime Detainees for this Case**

The first part of petitioner's motion simply piggybacks on a previous request for identical relief made on November 4, 2005, in Qassim v. Bush, Civ. A. No. 05-497 (JR), and Kiyemba v. Bush, Civ. A. No. 05-1509 (RMU).[4]  Petitioner offers no substantive argument of his own

---

[3] Although petitioner does not explicitly reference it, we assume that the proposed order petitioner is requesting be entered consists of what is attached as Exhibit A to Exhibit 7 to the Moore Declaration filed in support of the motion. Petitioner's brief states that "[t]he proposed NEC Orders are attached as Exhibit A to the Amended Protective Order and Procedures for Counsel Access to Detainees At the United States Naval Base at Guantanamo Bay, Cuba, dated November 8, 2004, which can be found at Exhibit 2 to the declaration of Christopher P Moore, dated December 2, 2005." Petr's Mem. at 1 n.2.  We assume that this reference is an inadvertent error, because the document attached as Exhibit A to Exhibit 2 to the Moore Declaration is the actual counsel access procedures entered by Judge Green in November 2004, not any newly concocted proposed "NEC Order." As discussed below, we have no objection to entry of the Judge Green protective order and related, supplementary orders in this case.

[4] Petitioner gives the requested relief the authoritative-sounding label "the NEC Orders" and cites an August 19, 2005 published opinion in Qassim v. Bush, 382 F. Supp. 2d 126 (D.D.C. 2005). Petr's Mem. at 1. However, that opinion does not concern the relief requested herein, which was not requested in Qassim until November 4, 2005. In fact, no Judge has ordered the relief requested herein.

regarding such relief; rather, he simply relies on and incorporates by reference those prior motions. See Petr's Mem. at 4 n.6, 5. Accordingly, respondents oppose this part of petitioner's motion by relying on and incorporating by reference the arguments offered in their opposition to those prior motions, submitted herewith as Exhibit 1.

B.  **Respondents Do Not Object to Entry of the Protective Order and Related, Supplementary Orders Previously Entered in Other Guantanamo Detainee Cases**

Given that this case is henceforth proceeding as a direct action authorized by the detainee himself, obviating petitioner's reliance on a legally dubious next-friend theory, respondents have no objection to entry of the protective order and related, supplementary orders that petitioner admits "have been entered in every longstanding Guantanamo habeas case pending in the United States District Court for the District of Columbia" (Petr's Mem. at 6). Those orders were specifically identified in Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals (dkt. no. 14), at 21 n.24, and attached as Exhibits B, C, and D thereto.[5] They also appear as Exhibits 2, 3, and 4 attached to the Moore Declaration submitted by petitioner with the instant motion. (As discussed above, the main Protective Order and annexed procedures for counsel access also are available in published form at In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004).)

C.  **Petitioner's Request for a Court-Ordered Immediate Attorney-Client Telephone Call is Premature, and In Any Event, Improper**

The second part of petitioner's motion argues that "As a Non-Enemy Combatant,

---

[5] Respondents' lack of objection to entry of these orders is without prejudice to their right to challenge any particular terms of these orders in any future proceedings as appropriate.

Petitioner is Entitled to Immediate Access to Counsel by Telephone." Petr's Mem. at 6. In spite of this conclusory claim to an "entitle[ment]," however, petitioner fails to cite any statute, case law, regulation, or other legal authority giving rise to such an entitlement. Rather, he merely points to the fact that the Commander, JTF-GTMO, in his discretion, has authorized telephone calls between attorneys and certain other detainees who have likewise been determined no longer enemy combatants ("NLECs"), under certain appropriate conditions. Making a leap of logic, petitioner reasons that if respondents have voluntarily accommodated an attorney-client call under appropriate conditions in an NLEC case in the past, then a fortiori the Court has the authority to and should order that respondents do the same thing here by judicial mandate.

      The Court should reject petitioner's request since he has not presented any valid legal basis for it. But at a minimum, the Court should deny petitioner's motion as premature. The Commander, JTF-GTMO is considering requests for attorney-client telephone calls, including the request that is the subject of the instant motion, on an individual, case-by-case basis, taking account of all appropriate factors. See Declaration of Brigadier General Jay W. Hood, ¶¶ 8-9 (attached as Exhibit A to Exhibit 1). In other cases involving NLECs, reasonable requests for attorney-client telephone calls have been accommodated where appropriate, subject to suitable measures to address security-related concerns. Thus, there may ultimately be no controversy for the Court to resolve over whether this NLEC petitioner and his counsel may have a telephone call subject to security arrangements and sufficient timing to work out logistics. In any event, however, telephone access to these detainees cannot occur until the Protective Order and related, supplementary orders entered in other Guantanamo habeas cases are made applicable to these cases, and counsel have been granted the appropriate security clearances and have otherwise

5

complied with the Protective Order. See In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004).[6] Petitioner's request that an "immediate" telephone call be ordered would improperly short-circuit and circumvent both the process spelled out in the Protective Order and the necessary requirement that counsel possess an appropriate security clearance before communicating directly with detainees. See Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba ¶ III.A.1, 344 F. Supp. 2d at 184 ("III. Requirements for Access to and Communication with Detainees . . . . A. Security Clearance: 1. Counsel must hold a valid United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel).").[7]

## CONCLUSION

For the reasons stated above, respondents respectfully request that petitioner's motion be denied, except that respondents have no objection to entry of the protective order and related,

---

[6] In the prior situations to which petitioner refers in which telephone access has been accommodated, see Petr's Mem. at 7, the Protective Order had been entered and counsel possessed security clearances.

[7] Although denial of petitioner's motion is warranted even without reaching the following point, it bears mention that the reasons petitioner gives for why an immediate telephone call is necessary and appropriate have evaporated in light of intervening events. Petitioner proposed such a call in order to shed light on whether the next friend standing requirements had been satisfied, or, in the alternative, whether petitioner might ratify this petition through direct authorization. See Petr's Mem. at 7-8, id. at 2 (arguing that the next-friend standing issue "could be quickly and properly resolved if the undersigned counsel are permitted to confer with Petitioner directly by telephone"), id. at 5 (same). In petitioner's own words, "[i]n requesting immediate telephone access to counsel, Petitioner merely seeks to confirm to communicate [sic] directly . . . that he wants the undersigned counsel to seek habeas relief on his behalf." Petr's Mem. at 9. Since petitioner has now directly authorized the petition, the putative next friend has been dismissed as a party, and the motion challenging next-friend standing has been dismissed as moot, the purpose that petitioner has argued would be served by an immediate telephone call no longer exists.

supplementary orders originally entered by Judge Green in other Guantanamo detainee cases, as particularly identified in Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals (dkt. no. 14), at 21 n.24.

Dated: December 16, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel


  /s/ Robert J. Katerberg
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents