UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZAKIRJAN, *et al.*,

    Petitioners/Plaintiffs,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK) (AK)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITIONER'S MOTION FOR EXPEDITED ENTRY OF PROTECTIVE ORDERS AND ORDER GRANTING PETITIONER IMMEDIATE ACCESS TO COUNSEL BY TELEPHONE**

    Petitioner Zakirjan ("Petitioner") submits this reply memorandum in further support of his motion for expedited entry of protective orders and order granting Petitioner immediate access to counsel by telephone.

**PRELIMINARY STATEMENT**

    Respondents concede that Petitioner is <u>not</u> an "enemy combatant" and should be released from Guantánamo Bay, yet claim that by refusing to do so they maintain the <u>sole</u> authority to dictate when and under what circumstances he may speak to his counsel.  Having conceded Petitioner's innocence there is no basis in law or logic for Respondents' efforts to interfere with Petitioner's ability to speak freely with his counsel.

    According to Respondents, the only reason that Petitioner remains detained is that they have been unable to locate a suitable destination country for him.  Upon release, Petitioner will of course be entitled to speak to anyone about anything he chooses.  There is thus no need to control Petitioner's communication with the outside world, let alone with his counsel.  Nor can Respondents be heard to complain that Petitioner may disclose "secret" information concerning military personnel or operations in Guantánamo Bay, Cuba; Respondents could (and should)

transfer Petitioner to a lower security facility in Washington, D.C. until a suitable destination country can be located, where there would be no need to interfere with Petitioner's ability to communicate with his counsel.[1]

Although Respondents can point to no cognizable basis for restricting telephone access between Petitioner and his counsel, Petitioner recognizes Respondents' legitimate interest in having appropriate protective orders in place, and counsel's obtaining security clearance, before counsel may <u>visit</u> Guantánamo Bay Naval base pending the resolution of Petitioner's Motion for Release.[2]  However, because Respondents agree that Petitioner is not an enemy combatant and should be released – and thus necessarily lacks any information that must be protected from disclosure – the Court should issue the proposed NEC Orders rather than the Green Orders, which concern the treatment of purportedly confidential information disclosed in matters involving enemy combatants.[3]

---

[1] <u>See</u> Memorandum of Law in Support of Petitioner's Emergency Motion for Immediate Release and/or Production of the Body dated December 16, 2005 (the "Motion for Release").  Respondents' opposition to Petitioner's Motion for Release is due on December 30, 2005.

[2] While the NEC Orders proposed by Petitioner contemplate that security clearances be obtained by counsel before traveling to Guantánamo, Petitioner proposes entry of these orders in a good faith effort to expedite the process of providing Petitioner with access to counsel, and not as a concession that Respondents have any legal authority to detain Petitioner against his will in Guantánamo or elsewhere.  Moreover, obtaining security clearances by counsel should not be deemed a prerequisite to permitting Petitioner to speak with his counsel by telephone.

[3] Respondents correctly note that the NEC Orders are attached as Exhibit A to Exhibit 7 of the Declaration of Christopher P. Moore in Support of Petitioner's Motion for Expedited Entry of Protective Orders and Order Granting Petitioner Immediate Access to Counsel by Telephone dated December 2, 2005 (the "Moore Decl.).  <u>See</u> Respondents' Memorandum in Opposition to Petitioner's Motion for Expedited Entry of Protective Orders and order Granting Petitioner Immediate Access to Counsel by Telephone dated December 16, 2005 ("Respondents' Opposition") at 3, n.3.  The Green Orders are attached as Exhibit A to Exhibit 2 to the Moore Decl.

ARGUMENT

POINT I

**THE COURT SHOULD GRANT PETITIONER
IMMEDIATE ACCESS TO COUNSEL BY TELEPHONE**

Respondents rest their entire opposition to Petitioner's motion for immediate access to counsel by telephone on two flawed premises: (1) that this Court lacks the authority to order Respondents to provide Petitioner with telephone access to his counsel and (2) that Petitioner's request for such access is, in any event, "premature." See Opp. at 4-6.

Critically, the communications that Respondents seek to control are limited to conversations between an innocent man and his counsel. While Respondents argue that it is solely within the purview of the executive to designate classified information, see Respondents' Opposition to Petitioner's Motion for an Order Amending Access Procedures Pertaining to Non-Enemy Combatants dated November 14, 2005 in Qassim v. Bush, 05-CV-0497 ("Qassim Opposition"),[4] Respondents have made no showing that Petitioner has such information, and more importantly, have articulated no legally cognizable basis for why the possession of such information by a concededly innocent person who Respondents agree should be released from custody should prevent him from talking to his lawyers. Petitioner is not seeking to disclose classified information to anyone, but simply to communicate with his counsel to further his request for legal representation and relief.

This Court indisputably has the power to grant the relief Petitioner seeks. By Order of this Court "all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel, shall be referred to Magistrate Judge Kay to facilitate discussion and

---

[4] Respondents have "incorporat[ed] by reference the arguments offered in [the Qassim Opposition]." Respondents' Opposition at 4. The Qassim Opposition is attached as Exhibit 1 to Respondents' Opposition.

3

resolution by the parties as promptly as possible." Order of Calendar and Case Management Committee of the United States District Court of the District of Columbia, dated November 2, 2005 ("November 2 Order") at 45. Petitioner, an innocent man, merely seeks to "communicate" with his counsel. Respondents offer no legal authority to suggest that this Court lacks authority to grant this simple request.

Indeed, that the Court possesses such authority is demonstrated beyond peradventure by the existence of the Green Orders, which <u>require</u> that Respondents provide even those the government asserts are <u>enemy</u> combatants with the ability to communicate with the outside world, albeit under the restrictive terms of those orders. Thus, the issue before the Court is not whether the Court has authority to order Respondents to provide Petitioner with access to his counsel, but whether Respondents can provide any valid reason that innocent men such as Petitioner should not be permitted to communicate freely with their lawyers. Respondents cannot. Indeed, Respondents' claim that they must be permitted to control all communications between Petitioner and his counsel is based entirely upon circumstances of Respondents' own creation; the <u>only</u> basis for their position that counsel must obtain security clearances is the fact that Respondents <u>themselves</u> chose to imprison Petitioner at the Guantánamo military base where it houses enemy combatants.

Nor is there any basis for Respondents' assertion that Petitioner's motion for an order granting telephone access to his counsel is "premature" because Respondents are still "considering" whether to grant Petitioner's informal request. <u>See</u> Respondents' Opposition at 5. The fact that Respondents claim they are still "considering" whether to permit Petitioner to speak with his counsel is no reason for denying the instant motion. In fact, Petitioner's counsel requested telephone access to Petitioner on November 14, 2005 – nearly <u>six weeks ago</u>. <u>See</u>

4

Moore Decl., Ex. 10. Petitioner has provided Respondents with ample time to grant this simple request; it is Respondents' inexplicable failure to do so that has necessitated the Court's involvement.[5]

## POINT II

### THE COURT SHOULD ENTER PROTECTIVE ORDERS CONCERNING THE TREATMENT OF PURPORTEDLY SENSITIVE INFORMATION, INCLUDING COMMUNICATIONS BETWEEN PETITIONER AND HIS COUNSEL

Although Respondents offer no cognizable reason for requiring the entry of protective orders prior to permitting Petitioner, an indisputably innocent man, to speak with his counsel, Petitioner requests that the Court enter the NEC Orders because the government has made it clear that, absent such orders, it will continue to unlawfully impede Petitioner's access to counsel.

As set forth more fully in Petitioner's Reply in Support of Motion for an Order Amending Access Procedures Pertaining to Non-Enemy Combatants, Qassim v. Bush, 05-CV-0497 (Moore Decl., Ex. 11), which Petitioner hereby incorporates by reference, the Green Orders are inappropriate because they are designed to protect purportedly classified information disclosed in matters involving enemy combatants, which non-enemy combatants such as Petitioner necessarily do not possess.

---

[5] The government's suggestion that Petitioner's need for telephone access to his counsel somehow "evaporated" upon the dismissal of Respondents' Motion For Order To Show Cause Why Case Should Not Be Dismissed For Lack Of Next Friend Standing is meritless. It is of course true that Respondents had no rational basis for moving to dismiss this matter rather than simply permitting Petitioner to confirm his desire to be represented by the undersigned counsel through a simple telephone meeting with his counsel. See Petitioner's Opposition to Respondents' Motion for Order to Show Cause Why Case Should Not be Dismissed for Lack of Proper "Next Friend" Standing or, in the Alternative, to Stay Proceedings dated December 2, 2005 at 13-14. It is equally true that Respondents have no basis for denying Petitioner the ability to speak with counsel who Respondents now concede do in fact represent Petitioner in his efforts to be released from his continued unlawful detention.

Respondents harp on the purported "burden" of not imposing one-size-fits-all protective orders upon all Guantánamo detainees – whether innocent or guilty – as if it would be somehow unworkable for the United States government to implement one set of procedures for its <u>enemies</u> and another for <u>refugees</u>.[6] The government does not, because it cannot, provide any rational basis for subjecting innocent men such as Petitioner to the same burdensome procedures as "enemy combatants" who Respondents believe may possess purportedly classified information.

\* \* \*

Pursuant to Local Civil Rule 7(f), Petitioner respectfully requests that the Court schedule a hearing on this motion as soon as possible and invite counsel in other NEC cases to attend.[7]

---

[6] This Court has the authority to enter the NEC Orders in all matters involving NECs. <u>See</u> Kessler Order at 44-45. Petitioner is currently aware of nine NECs who remain in Respondents' custody: Petitioner himself; Abu Bakker Qassim and Adel Abdu Al-Hakim (aka Adel Abdul Hakim), <u>Qassim v. Bush</u>, 05-cv-0497 (JR); Ayoub Haji Mamet, Ahmad Doe and Aktar Doe, <u>Mamet v. Bush</u>, 05-cv-01886 (EGS); Saddiq Ahamd Turkistani, <u>Kiyemba v. Bush</u>, 05-cv-1509 (RMU); Fethi Boucetta (Dr. Abu Mohammed), <u>Muhammed v. Bush</u>, 05-cv-2087 (RMC); and Ala Abdu Kuduz Mohammed (aka Alladeen), <u>Alladeen v. Bush</u>, 05-cv-0833 (JR).

[7] <u>See</u> <u>supra</u>, n. 6.

6

**CONCLUSION**

For the foregoing reasons and for any other reason that may become known to the Court Petitioner respectfully requests that the Court enter (i) the NEC Orders or, in the alternative, Judge Green's Orders and (ii) an order granting Petitioner immediate access to his counsel by telephone.

| | |
|---|---|
| Dated:  December 27, 2005 | Respectfully submitted, |
| | Counsel for Petitioner Zakirjan: |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | By:_____/s/_____<br>         Jonathan I. Blackman (NY3846)<br>One Liberty Plaza<br>New York, New York 10006<br>(212) 225-2000 |
| Of Counsel:<br>   Christopher P. Moore (NY4936)<br>   John Van Sickle (NY6487) | |
| | CENTER FOR CONSTITUTIONAL RIGHTS<br>Barbara Olshansky (NY0057)<br>Tina Monshipour Foster (NY5556)<br>Gitanjali S. Gutierrez (NY1234)<br>666 Broadway, 7th Floor<br>New York, New York 10012<br>Tel.:  (212) 614-6437<br>Fax:  (212) 614-6499 |