# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

ZAKIRJAN,

       Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

       Respondents/Defendants.

Case No. 05-Cv-2053 (HHK)

## PETITIONER'S UNOPPOSED MOTION
## FOR EXPEDITED ENTRY OF PROTECTIVE ORDERS

       Petitioner Zakirjan ("Petitioner"), a non-enemy combatant ("NEC") detained at Camp Iguana in Guantánamo Bay, Cuba,[1] through undersigned counsel, respectfully requests the expedited entry of the protective orders entered by Judge Joyce Hens Green in In re Guantánamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004) (the "Green Orders").[2] Pursuant to Local Rule 7(m), Petitioner's counsel has conferred with Respondents' counsel and Respondents do not oppose entry of the Green Orders in this case.[3]

---

[1] Respondents concede that Petitioner is not an enemy combatant and that he should be released. See Respondents' Memorandum in Opposition to Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction, dated November 3, 2005, at 3.

[2] The Green Orders are attached as Exhibits 2, 3 and 4 to the Declaration of Christopher P. Moore in Support of Petitioner's Motion for Expedited Entry of Protective Orders and Order Granting Petitioner Immediate Access to Counsel by Telephone, and consist of: (1) Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, entered by Judge Green on November 8, 2004; (2) Order Addressing Designation Procedures for "Protected Information," entered by Judge Green on November 10, 2004; and (3) Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, entered by Judge Green on December 13, 2004.

[3] See also Respondents' Memorandum in Opposition to Petitioner's Motion for Expedited Entry of Protective Orders and Order Granting Petitioner Immediate Access to Counsel by Telephone, dated December 16, 2005, at 4 ("[R]espondents have no objection to entry of the protective order and related, supplementary orders that petitioner admits 'have been entered in every longstanding Guantánamo habeas case pending in the United States District Court for the District of Columbia' (Petr's Mem. at 6). Those orders were specifically identified in Respondents' Motion for Order to Show Cause Why Case

Petitioner previously sought entry of the Revised Procedures For Counsel Access To Non-Enemy Combatant Detainees At The U.S. Naval Base In Guantánamo Bay, Cuba, proposed by petitioners in Qassim v. Bush, Case No. 05-0497 (D.D.C. 2005) (the "NEC Protective Orders"), or, in the alternative, the Green Orders.  See Petitioner's Motion For Expedited Entry Of Protective Orders And Order Granting Petitioner Immediate Access To Counsel By Telephone, dated December 2, 2005 (the "The Motion for Entry of the NEC Protective Orders").  The Motion for Entry of the NEC Protective Orders has been fully briefed and is sub judice.

On December 30, 2005, the undersigned counsel learned that Petitioner Zakirjan and five other non-enemy combatants detained in Camp Iguana began a hunger strike on December 27, 2005, making it essential that Petitioner be provided with access to his counsel as soon as possible.  Upon learning of the hunger strike, Petitioner's counsel contacted Respondents and requested, among other things, immediate access to Petitioner by telephone; Petitioner's counsel raised the issue with Respondents again on January 5 and January 6, 2006.[4]  On January 6, 2006, Respondents agreed to arrange a telephone call between Petitioner and his counsel, but stated that "before any call can take place, we'll need to have the Court enter the November 8, 2005 Amended Protective Order [entered by Judge Green in In re Guantánamo Bay Detainee Cases]."  Moore Decl., Ex. A (emphasis added).  Petitioner thus respectfully requests that the Court enter the Green Orders pending the Court's ruling on the Motion for Entry of the NEC Protective Orders.

Should Not Be Dismissed for Lack of Proper 'Next Friend' Standing or, In the Alternative, to Stay Proceedings Pending Related Appeals (dkt. no. 14), at 21 n.24, and attached as Exhibits B, C, and D thereto. They also appear as Exhibits 2, 3, and 4 attached to the Moore Declaration [dated December 2, 2005] . . .  [T]he main Protective Order and annexed procedures for counsel access also are available in published form at In re Guantánamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004).").

[4] See Declaration of Christopher P. Moore in Support of Unopposed Motion for Expedited Entry of Protective Orders, dated January 9, 2006, at ¶ 3 ("Moore Decl.").

Entry of the Green Orders would permit Petitioner's counsel the opportunities accorded counsel in other pending Guantánamo detainee cases in which the orders have been entered – including speaking with Petitioner by telephone and visiting him at Guantánamo – upon compliance with the terms of those orders.  The potentially dire consequences of the hunger strike may be avoided if Petitioner is provided with the opportunity to meaningfully confer with counsel.

WHEREFORE, Petitioner respectfully requests that the Court enter the Green Orders in this case.

Dated:  January 10, 2006                    Respectfully submitted,

Counsel for Petitioner Zakirjan:

CLEARY GOTTLIEB STEEN & HAMILTON LLP


By:_____/s/_____
        Jonathan I. Blackman (NY3846)
New York, New York 10006
One Liberty Plaza
(212) 225-2000

Of Counsel:
    Christopher P. Moore (NY4936)
    John Van Sickle (NY6487)
    Lia Monahon (NY6366)
    Patrick A. Sheldon (NY1598)


CENTER FOR CONSTITUTIONAL RIGHTS
Barbara Olshansky (NY0057)
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel.:  (212) 614-6437
Fax:  (212) 614-6499

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

ZAKIRJAN,.,

      Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al*.,

      Respondents/Defendants.

Case No. 05-Cv-2053 (HHK)

**[PROPOSED] ORDER GRANTING ENTRY OF PROTECTIVE ORDERS**

      The following Orders, first entered in the In re Guantánamo Bay Detainee Cases, shall apply in this case: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees, first issued on November 8, 2004; (2) the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004, Amended Protective Order, first issued on December 13, 2004; and (3) the Order Addressing Designation Procedures for Protected Information, first issued on November 10, 2004.

Dated: _____, 2006

                                     _____
                                     Henry H. Kennedy, Jr.
                                     United States District Judge