UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZAKIRJAN,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK)

**EMERGENCY MOTION TO RENDER ACCESS TO CLIENT
MEANINGFUL BY COMPELLING RESPONDENTS TO PRODUCE
INFORMATION CONCERNING COMBATANT STATUS REVIEW
TRIBUNAL AND ADMINISTRATIVE REVIEW BOARD PROCEEDINGS**

Petitioner Zakirjan ("Petitioner"), a <u>non</u>-enemy combatant detained at Camp Iguana in Guantánamo Bay, Cuba,[1] through undersigned counsel, respectfully moves this Court to order the government to produce to Petitioner's counsel all information concerning the Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings that relates or refers to Petitioner before the close of business on March 7, 2006.

On February 27, 2006, Petitioner's counsel provided the government with a written request for the production of this information on or before March 3, 2006, explaining that one of Petitioner's attorneys is scheduled to depart for Guantanamo Bay on March 8, 2006, and needs the information to prepare for her visit. <u>See</u> Declaration of Christopher P. Moore, dated March 6, 2006 ("Moore Decl.") (Ex. A). Petitioner's request was based, in part, upon the fact that Judge Jed S. Rakoff of the Southern District of New York had already ordered the government to produce unredacted CSRT information concerning Zakirjan and other detainees to

---

[1] Respondents concede that Petitioner is not an enemy combatant and that he should be released. <u>See</u> Respondents' Memorandum in Opposition to Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction, dated November 3, 2005, at 3.

the Associated Press no later than March 3, and that the government has elected not to appeal that ruling.  See Order dated Feb. 22, 2006, Associated Press v. United States Department of Defense (05 Civ. 3941) (JSR) (ordering Government to produce "unredacted transcripts and related documents by no later than March 3, 2006").  The government also has agreed to release, with two exceptions, the ARB documents requested by the AP.  See Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, dated February 22, 2006, at 1, 15-16, Associated Press v. United States Department of Defense (05 Civ. 5468) (JSR).[2]

       The government responded to Petitioner's request for the production of information at approximately 4:15 p.m. on Friday, March 3, refusing to produce the requested information to Petitioner and stating that "it is our understanding that the Department of Defense will be uploading all documents released pursuant to the AP FOIA litigation to their website on Monday, if not sooner."  See Moore Decl. (Ex. A).  On the afternoon of Saturday, March 4, the government advised Petitioner's counsel that the information it had been ordered to produce to the Associated Press "is now available online [at] http://www.defenselink.mil/pubs/foi/detainees/csrt/index.html."  Id.  Petitioner's counsel responded to that email approximately ten minutes later, explaining that the documents posted on that website do not appear to be organized in any meaningful manner, and are not text-searchable, making it impossible to locate documents relevant to Petitioner without reviewing

---

[2] In addition to redacting the names of U.S. military personnel, which the AP does not contest, the DOD argues it can withhold two categories of ARB documents: (1) identifying information of detainees contained in transfer documents, and (2) the identity of family members of two detainees who testified before and submitted personal correspondence to the ARBs.  See Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, dated February 22, 2006, at 15-16, Associated Press v. United States Department of Defense (05 Civ. 5468) (JSR).  The AP has objected to both of these withholdings, in addition to withholdings unrelated to the ARB documents requested here.  See Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment, dated March 3, 2006, Associated Press v. United States Department of Defense (05 Civ. 5468) (JSR).

each and every one of the thousands of pages that have been posted on that website. See id. If forced to do so, it is unclear whether counsel would be able to identify and review all relevant information prior to the upcoming visit with Petitioner. Accordingly, Petitioner's counsel requested that the government identify those sections of the posted information that relate to Petitioner. The government has failed to do so.

It is beyond dispute that the Office for the Administrative Review of the Detention of Enemy Combatants (OARDEC) maintains separate files for each CSRT and ARB at its headquarters in Arlington, Virginia. See Declaration of Teresa A. McPalmer dated June 25, 2005, ¶ 3, Associated Press v. United States Department of Defense (05 Civ. 3941) (JSR) (regarding the maintenance of CSRT files); Declaration of Karen L. Hecker dated Feb. 22, 2006, ¶ 4b, Associated Press v. United States Department of Defense (05 Civ. 5468) (JSR) (regarding the maintenance of ARB files). The government could easily obtain and produce all information maintained in those files as it relates to Petitioner.

At the very least, the government should be required to produce to counsel all information concerning CSRT and ARB proceedings that it has produced to the Associated Press as that information relates to Petitioner, or to clearly identify where it is located on the Department of Defense's website. It is imperative that counsel receive this information no later than the close of business on March 7, the day before counsel is scheduled to depart to Guantanamo Bay. See Order dated Mar. 1, 2006, Shaaban v. Bush (05-Cv-00892) (CKK) (ordering the Government provide *habeas* counsel with documentation that will be provided to the Associated Press pursuant to Judge Rakoff's order prior to counsel's visit with petitioner "in order to facilitate a meaningful discussion between Petitioner and Petitioner's counsel.").

In addition, Petitioner requests that the government produce before the close of business on March 7 any information concerning CSRT and ARB proceedings that relates to Petitioner that has <u>not</u> been produced to the Associated Press pursuant to Judge Rakoff's order.[3] As noted above, Petitioner is a <u>non</u>-enemy combatant whom the government concedes should be released. The government does not, and cannot, provide any rational basis for withholding any information concerning its independent determination that Petitioner poses no threat to the United States.

* * * * *

---

[3] If no such additional information exists, the government should be required to so state.

WHEREFORE, Petitioner respectfully requests that the Court order Respondents to provide to Petitioner's counsel any and all information and/or documentation concerning Combatant Status Review Tribunal and Administrative Review Board proceedings that relate or refer to Petitioner, such that Petitioner's counsel is in receipt of such information by March 7, 2006 at 5:00 p.m. EST.

Dated: March 6, 2006

Respectfully submitted,

Counsel for Petitioner Zakirjan:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:_____/s/_____
      Jonathan I. Blackman (NY3846)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:
   Christopher P. Moore (NY4936)
   John Van Sickle (NY6487)
   Lia Monahon (NY6366)
   Patrick A. Sheldon (NY1598)

CENTER FOR CONSTITUTIONAL RIGHTS
Barbara Olshansky (NY0057)
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel.: (212) 614-6437
Fax: (212) 614-6499

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

ZAKIRJAN,.,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK)

**[PROPOSED] ORDER**

    Presently before the Court is Petitioner's "Motion to Render Access to Client Meaningful by Compelling Respondents to Produce Information Concerning Combatant Status Review Tribunal and Administrative Review Board Proceedings." Upon consideration of this motion, and the record in this case, it is this 6th day of March, 2006, hereby

    **ORDERED**, that respondents shall provide to petitioner's counsel any and all information and/or documentation concerning Combatant Status Review Tribunal and Administrative Review Board proceedings that relate or refer to petitioner, such that petitioner's counsel is in receipt of such information by March 7, 2006 at 5:00 p.m. EST.

Dated: _____, 2006

                                                                                                                                   Henry H. Kennedy, Jr.
                                                                                                                             United States District Judge