IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKIRJAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.    ) | Civil Action No. 05-CV-2053 (HHK) |
| ) | |
| GEORGE W. BUSH, *et al.,* ) | |
| ) | |
| Respondents. ) | |
| ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S
EMERGENCY MOTION TO RENDER ACCESS TO CLIENT MEANINGFUL
BY COMPELLING RESPONDENT TO PRODUCE INFORMATION
CONCERNING COMBATANT STATUS REVIEW TRIBUNAL AND
ADMINISTRATIVE REVIEW BOARD PROCEEDINGS**

Respondents hereby oppose petitioner's March 6, 2006 motion to compel disclosure to

petitioner of information concerning Combatant Status Review Tribunal ("CSRT") and

Administrative Review Board ("ARB") proceedings (dkt. no. 41).

In the motion, petitioner's counsel seeks access to two categories of information.  *First,*

counsel seeks information pertaining to petitioner that was produced to the Associated Press on

Friday, March 3, 2006, as part of a separate Freedom of Information Act ("FOIA") lawsuit in the

Southern District of New York, Associated Press v. United States Dep't of Defense, No. 05-CV-

3941 (S.D.N.Y.).  See Petr's Motion at 3.  The AP FOIA litigation, which is not connected to the

present habeas litigation, involves the production of testimony, written statements, and any other

documents provided by a large number of Guantanamo detainees to the Combatant Status

Review Tribunals.  The Department of Defense ("DoD") released approximately 4,000 pages of

records in response to the AP's initial FOIA request, and these pages contained redactions of

certain identifying information pertaining to detainees and other third parties pursuant to recognized exemptions established by the FOIA. Last month, the District Court in the Southern District of New York concluded that DoD should release the identifying information that was redacted from the initial FOIA release. Accordingly, pursuant to an order of the Southern District of New York court, DoD issued a revised FOIA release, with the identifying information left unredacted, on March 3, 2006.[1] The documents produced as part of this FOIA release are contained on DoD's FOIA website, www.defenselink.mil/pubs/foi/detainees/csrt/index.html. Only this morning, counsel for respondents learned the precise pages in this FOIA release pertaining to petitioner, and during a noontime telephone conference today with Magistrate Judge Kay, respondents' counsel conveyed this information to petitioner's counsel. Accordingly, petitioner's counsel has access to the information pertaining to petitioner that was part of Friday's FOIA release, and counsel's request for such information is moot.

*Second*, petitioner's counsel unreasonably demand that respondents be required to produce, by close of business tomorrow, "any information concerning CSRT and ARB proceedings that relates to Petitioner that has not been produced to the Associated Press pursuant to . . . [the Southern District of New York court] order." Petr's Motion at 4. Petitioner's second request would encompass the complete record of the CSRT proceeding that determined that petitioner should be classified as no longer an enemy combatant.[2] The records at issue in the AP

---

[1] Certain ARB information was included in this FOIA release.

[2] Because petitioner was determined to be no longer an enemy combatant and, thus, subject to release, petitioner would not have received an ARB hearing, and there would be no ARB proceedings pertaining to petitioner. The purpose of an ARB is to determine whether a detainee found by a CSRT to be an enemy combatant may be released based on consideration of factors such as the threat the detainee is believed to pose to the United States or its allies in the

FOIA litigation do not constitute the entire CSRT record; rather, the complete record of

proceedings before the CSRT contains various unclassified information, including the documents

sought by the AP as well as other documents, and classified information that cannot be shared

with the detainee and is not within the scope of the production of documents in the AP FOIA

litigation.  Petitioner's request for the complete CSRT record should be denied for several

reasons.

  For one thing, it makes no sense for the government to process and submit the CSRT

record with respect to petitioner who has been classified as no longer an enemy combatant.

Respondents are no longer detaining petitioner as an enemy combatant and plan to effect his

release and resettlement as soon as practicable.[3]  The habeas statute contemplates production of

information concerning petitioner primarily in the context of production of a "factual return," the

entire purpose of which is to "certify[] the true cause of the detention," see 28 U.S.C. § 2243, in

order to justify a petitioner's continued detention.  Accordingly, since petitioner's detention will

not persist and the United States has no further interest in detaining petitioner, the submission of

essentially a factual return "certifying the true cause of the detention" is unnecessary here.[4]  See,

---

ongoing armed conflicts against al Qaeda and its supporters, and the detainee's continuing
intelligence value.  See Mem. Implementing Admin. Review of the Detention of Enemy
Combatants (Sept. 14, 2004) (available at <<http://www.defenselink.mil/news/Sep2004/
d20040914adminreview.pdf>>).

  [3] With respect to all detainees accorded no longer enemy combatant status through
CSRTs, the government intends to release the detainees as soon as suitable countries for transfer
can be found that, consistent with United States policy, avoid a situation where a detainee would
be returned to a country where it is more likely than not that he would be tortured.

  [4] Thus, petitioner's request for access to the CSRT record could be construed as an
improper attempt to take discovery.  A petitioner in a habeas case is not entitled to discovery as a
matter of right, but rather must first demonstrate good cause to conduct discovery and obtain

e.g., Almurbati v. Bush, 366 F. Supp. 2d 72, 78-79 (D.D.C. 2005) (Walton, J.) (stating that "[t]he

ultimate objective of a habeas petition is release from custody"); Otey v. Hopkins, 5 F.3d 1125,

1130 (8th Cir. 1993) (explaining that "[t]he central focus of the writ of habeas corpus is to

provide a remedy for prisoners who are challenging the fact or duration of their physical

confinement and are seeking immediate release or a speedier release."). There will be no further

proceedings necessary on petitioner's habeas claim for release from United States' custody; the

justification for his continued detention – the purpose of a factual return – is not an issue.

    Furthermore, production of the CSRT record is not appropriate because proceedings in

this case, including with respect to production of information, should be stayed pending

resolution of the Court's jurisdiction. On December 30, 2005, the Detainee Treatment Act of

2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other

things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for

writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained

at Guantanamo Bay, Cuba. The effect of the Act will be addressed in supplemental briefing in

the Guantanamo detainee appeals pending before the D.C. Circuit, where oral argument on the

issue is scheduled for March 22, 2006. The same issue exists in the pending appeal of another

case involving detainees determined no longer to be enemy combatants, Qassim v. Bush, No. 05-

---

court permission. See, e.g., Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (explaining
that "[a] habeas petitioner does not enjoy the presumptive entitlement to discovery of a
traditional civil litigant," and that "discovery is available only in the discretion of the court and
for good cause shown."); Al Odah v. United States, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004)
(finding that Guantanamo detainee habeas petitioners must first seek leave of court before
conducting discovery and denying leave to conduct discovery). Petitioner has not requested
leave of court to take discovery, and the Court should not permit him to evade this requirement
merely by demanding the desired records. Further, discovery is particularly inappropriate while
the Court's jurisdiction is in question based on the Detainee Treatment Act of 2005, see supra.

5477 (D.C. Cir.), in which briefing is scheduled to be completed on March 22, 2006. Petitioner's request for the production of information should be denied in light of the new, statutory withdrawal of the Court's jurisdiction, and, at the very least, should be denied pending guidance from the D.C. Circuit regarding whether petitioner's case may proceed at all.

Finally, petitioner's counsel's request for production of the CSRT record should be denied because respondents would not, in any event, be in a position to produce the record by close of business tomorrow. The production and submission of CSRT records in Guantanamo detainee habeas cases is not an inconsequential task. Each record must be obtained from DoD, and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the record is consistent with all applicable statutes, regulations and Executive Orders, and is redacted if appropriate. Respondents must then prepare a public version of the records for public filing, a classified version of the records for submission to the Court, and a separate classified version of the records for submission to counsel with security clearance. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking, particularly given that respondents presently are preparing factual returns for submission in a number of other cases. Petitioner's motion seeking the CSRT record was filed today and seeks production of the records tomorrow. It is egregiously unreasonable for petitioner's counsel to demand such an expedited production, even if such production were appropriate, which, for the reasons explained above, it is not. In any event, respondents would not be in a position to make such a production by the end of the day tomorrow. Petitioner's counsel's request is unreasonable and should be denied.

5

* * *

For the reasons stated herein, the Court should deny petitioner's motion.

Dated: March 6, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    /s/ Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

6