# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ZAKIRJAN,

       Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al*.,

       Respondents/Defendants.

Case No. 05-Cv-2053 (HHK)

**PETITIONER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF EMERGENCY MOTION TO RENDER ACCESS TO CLIENT MEANINGFUL BY COMPELLING RESPONDENTS TO PRODUCE INFORMATION CONCERNING COMBATANT STATUS REVIEW TRIBUNAL AND ADMINISTRATIVE REVIEW BOARD PROCEEDINGS**

       Petitioner Zakirjan ("Petitioner"), a <u>non</u>-enemy combatant ("NEC") detained at Camp Iguana in Guantánamo Bay, Cuba,[1] through undersigned counsel, submits this reply memorandum of law in further support of his motion for production of all information concerning the Combatant Status Review Tribunal ("CSRT") proceedings that relates or refers to Petitioner.[2]

       On February 27, 2006, Petitioner's counsel provided the government with a written request for the production of this information on or before March 3, 2006, explaining that one of Petitioner's attorneys is scheduled to depart for Guantanamo Bay on March 8, 2006, and needs the information to prepare for her visit.  <u>See</u> Moore Decl. (Ex. A).  Respondents apparently

---

[1]  Respondents concede that Petitioner is not an enemy combatant and that he should be released.  <u>See</u> Respondents' Memorandum in Opposition to Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction, dated November 3, 2005, at 3.

[2]  Respondents advised Petitioner during a conference before Magistrate Judge Kay on March 6, 2006, that the government did not hold Administrative Review Board proceedings with respect to Petitioner, and, therefore, there are no ARB documents concerning Petitioner.  Respondents offer no explanation for failing to provide this information when those documents were requested on February 27, 2006.  <u>See</u> Declaration of Christopher P. Moore, dated March 6, 2006 ("Moore Decl.") (Ex. A).

made no effort to locate this information, forcing Petitioner to seek this relief from the Court.

Indeed, the government waited until the March 6, 2006, conference with this Court to identify

the 14 pages of the more than 4,000 pages posted on the Department of Defense's website that

relate to Petitioner.[3]  The government now refuses to produce any additional information

concerning the CSRT proceeding in which the government determined that Petitioner is not an

enemy combatant.

Incredibly, the government asserts that Petitioner should be precluded from

reviewing his CSRT record because it resulted in a finding that he is not an enemy combatant.

See Respondents' Memorandum in Opposition to Petitioner's Emergency Motion to Render

Access to Client Meaningful by Compelling Respondent to Produce Information Concerning

Combatant Status Review Tribunal and Administrative Board Proceedings ("Opp.") at 3-4 ("it

makes no sense for the government to process and submit the CSRT record with respect to

petitioner who has been classified as [an NEC].").  According to the government, "'since

petitioner's detention will not persist and the United States has no further interest in detaining

petitioner, the submission of essentially a factual return 'certifying the true cause of the

detention' is unnecessary here."  Id. at 3-4 (citing Almurbati v. Bush, 366 F. Supp. 2d 72, 78-79

(D.D.C. 2005) ("[t]he ultimate objective of a habeas petition is release from custody"); Otey v.

Hopkins, 5 F. 3d 1125, 1130 (8th Cir. 1993) ("[t]he central focus of the writ of habeas corpus is

to provide a remedy for prisoners who are challenging the fact or duration of their physical

confinement and are seeking immediate release or a speedier release.")).  However, the

government conveniently ignores the fact that Petitioner was determined to be an NEC

---

[3]  Although the government asserts in its opposition that counsel for respondents learned the location of
this information for the first time on the morning of March 6, 2006, it provides no explanation for why
those 14 pages took more than a week to locate, or whether the government's counsel in fact made any
effort to locate that information prior to the morning of March 6, 2006.

approximately <u>one year ago</u>, yet nevertheless remains detained against his will.[4]   The ultimate

relief sought by Petitioner is not simply a statement by the government that it made a mistake

when it abducted and imprisoned him, but that he in fact be "release[d] from custody."[5]

<u>Almurbati v. Bush</u>, 366 F. Supp. 2d 72, 78-79 (D.D.C. 2005).  Petitioner seeks information

concerning his CSRT precisely because he is entitled to know why the government is

purportedly unable to provide him with a "speedier release."  <u>Otey v. Hopkins</u>, 5 F. 3d 1125,

1130 (8th Cir. 1993); <u>see also</u> <u>Offet v. Solem</u>, 823 F.2d 1256, 1257 (8th Cir. 1987) (stating that

to the extent a petitioner is directly attacking the length of confinement, the proper vehicle for a

claim is a petition for writ of habeas corpus).

      Nor is there any basis for staying the production of information concerning

Petitioner's CSRT.  <u>See</u> Opp. at 4 (citing Detainee Treatment Act ("DTA") as basis for staying

production of requested information).  Indeed, Judge Kessler rejected the very same argument

only last week in the matter of <u>Ali Ahmed v. Bush</u>.  <u>See</u> Respondents' Motion to Stay Production

of Factual Return at ¶ 4, <u>Ali Ahmed v. Bush</u>, (05-Cv-1678) (GK) ("given the new, statutory

withdrawal of the Court's jurisdiction, respondents respectfully request the Court stay its order

requiring production of a factual return in this case until the effect of the [DTA] on this case is

resolved"); Order, dated March 3, 2006, <u>Ali Ahmed v. Bush</u>, (05-Cv-1678) (GK),

("Respondents' Motion to Stay Production of Factual Returns is denied").[6]  The potential

application of the DTA is before the D.C. Circuit Court (oral argument is scheduled for March

22), and is an issue that will no doubt be appealed to the Supreme Court.  Unless and until the

---

[4]  It is undisputed that the CSRT process for all detainees was completed no later than March 2005.

[5]  On information and belief, Petitioner was abducted by the government in approximately April 2002;
next month will therefore mark his four year anniversary as a prisoner of the United States.

[6]  Any attempt to distinguish <u>Ali Ahmed v. Bush</u> on the ground that it involved an alleged enemy
combatant, rather than an admitted NEC like Petitioner, must fail; to hold otherwise, would have the
perverse effect of providing the innocent with fewer rights than the accused.

Supreme Court determines that NECs such as Petitioner have no right to challenge their indefinite detention and no right to consult with lawyers, this Court should reject any attempt by the government to interfere with Petitioner's right to meaningful access to counsel. As this Court recognized in <u>Shaaban v. Bush</u>, information concerning a detainee's CSRT is necessary "to facilitate a meaningful discussion between Petitioner and Petitioner's counsel." Order dated Mar. 1, 2006, <u>Shaaban v. Bush</u> (05-Cv-892) (CKK).

The government's claim that the production of information concerning Petitioner's CSRT would be unduly burdensome must also fail. Although it would have the Court believe otherwise, the government did not learn of the request for this information yesterday. Having ignored Petitioner's request for over a week, it cannot now complain that it is faced with only one day to comply. Petitioner would in any event be satisfied with the production of information concerning his CSRT in two stages, in order to obviate the purported burden of which the government complains. <u>First</u>, the government should, at the very least, be required to produce by 5:00 p.m. on March 7, 2006, the exhibits that are expressly referenced in the 14 pages of CSRT transcript produced to Petitioner on March 6, 2006, and which are necessary to fully understand the discussions reflected in that transcript. <u>See, e.g.</u>, Unclassified Transcript (attached hereto as Exhibit A) at 2003 (citing Exhibits D-a, R-1, R-2 and R-3). For example, the transcript indicates that "[t]he Recorder presented the Unclassified Summary of Evidence (Exhibit R-1) to the Tribunal and gave a brief description of its contents." <u>Id.</u> The government cannot be heard to say that it would be unduly burdensome to produce information that has already been assembled and identified as a numbered exhibit, and already been designated unclassified. <u>Second</u>, the government should be required to produce any remaining

information concerning Petitioner's CSRT within 30 days, thereby providing it with ample time to review that information for any purportedly sensitive material.

* * * * *

WHEREFORE, Petitioner respectfully requests that the Court order Respondents to (i) provide to Petitioner's counsel copies of all exhibits identified in the Unclassified Transcript concerning Petitioner bearing bates numbers 002001- 002014 at or before 5:00 p.m. EST on March 7, 2006, and (ii) provide to Petitioner's counsel all other information concerning the CSRT proceedings that relates or refers to Petitioner on or before April 6, 2006.

Dated:  March 7, 2006

Respectfully submitted,

Counsel for Petitioner Zakirjan:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:_____/s/_____
       Jonathan I. Blackman (NY3846)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:
   Christopher P. Moore (NY4936)
   John Van Sickle (NY6487)
   Lia Monahon (NY6366)
   Patrick A. Sheldon (NY1598)

CENTER FOR CONSTITUTIONAL RIGHTS
Barbara Olshansky (NY0057)
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel.:  (212) 614-6437
Fax:  (212) 614-6499

5