PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

ZAKIRJAN,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK) (AK)

## MOTION TO MODIFY THE COURT'S NOVEMBER 21, 2005 ORDER REQUIRING 30 DAYS' NOTICE BEFORE PETITIONER IS TRANSPORTED OR REMOVED

Petitioner Zakirjan Hassam ("Petitioner"), a non-enemy combatant[1] detained at Camp Iguana in Guantánamo Bay, Cuba ("Guantánamo"), through undersigned counsel, respectfully moves this Court to modify the November 21, 2005 order requiring respondents to "provide petitioners' counsel and the court with 30 days' notice prior to transporting or removing petitioner from Guantánamo Bay Naval Base, unless such transportation or removal is for the purpose of releasing petitioner Zakirjan from detention." Order, dated Nov. 21, 2005 (docket no. 18) ("November 21 Order").

In light of the government's recent "release" of five other non-enemy combatants to the custody of a foreign government with no advance notice to counsel for those detainees,[2] Petitioner requests entry of an order requiring 30 days' advance notice of any intended transfer

---

[1] Respondents concede that Petitioner is not an enemy combatant and that he should be released. See Respondents' Memorandum in Opposition to Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction, dated November 3, 2005, at 3 (docket no. 9).

[2] See Emergency Motion to Dismiss as Moot, Qassim v. Bush, No. 05-5477 (D.C. Cir.) (attached as Exhibit A to the Declaration of Christopher P. Moore, dated May 26, 2006 ("Moore Decl.")); Notice of Transfer of Petitioners, Mamet v. Bush, 05-cv-1886 (EGD) (D.D.C.); May 16, 2006, Declaration of Sabin Willett in Connection with Status Report Concerning Petitioners-Appellants and Request for Briefing Schedule, Qassim v. Bush, No. 05-5477 (D.C. Cir.) ("Willett Decl.") (Moore Decl., Ex. B).

or removal of Petitioner, whether for purposes of "release" or otherwise. See, e.g., Memorandum Order, dated Sept. 13, 2005, Kiyemba v. Bush, 05-1509 (RMU) (D.D.C.) (providing that the government "may not remove the petitioners from GTMO unless this court and counsel for petitioners . . . receive thirty days' advance notice of such removal") (Moore Decl., Ex. C).

**Petitioner further requests, pursuant to Local Civil Rule 7(f), that the Court schedule a hearing on this motion as soon as possible.**

### ARGUMENT

By this motion, Petitioner seeks to modify the November 21 Order to require the government to provide Petitioner's counsel and the Court with 30 days' notice prior to transporting or removing petitioner from Guantánamo, whether such transportation or removal is for the purpose of release or otherwise. Petitioner seeks this modification based on, among other things, the government's failure to provide any advance notice of its recent release of the petitioners in Qassim v. Bush, 05-cv-0497 (JR) and Mamet v. Bush, 05-cv-1886 (EGS).

The five Uighur petitioners in Qassim and Mamet, all of whom, like Petitioner, were classified as non-enemy combatants, were released from Guantánamo to the custody of Albania on May 5, 2006. Declaration of Samuel M. Witten, dated May 5, 2006, Qassim v. Bush, No. 05-5477 (D.C Cir.) ("Witten Decl.") (Moore Decl., Ex. D); Willett Decl. ¶¶ 4-5. The release of the Uighurs was apparently driven by the government's desire to avoid judicial review by the D.C. Circuit of this Court's determination that the continued detention of enemy combatants such as Qassim and Petitioner here is "unlawful." See Qassim v. Bush, 407 F.Supp.2d 198

(D.D.C. 2005). Indeed, oral argument before the D.C. Circuit on the merits of the <u>Qassim</u> petitioners' habeas petition was scheduled for May 8, 2006.[3]

The five Uighurs were informed by U.S. military personnel only days before they were to be sent to Albania, and were not permitted to contact their counsel prior to their transfer. Willett Decl. ¶ 4. Counsel in <u>Qassim</u> were not advised of their clients' release until approximately 4:30 p.m. on May 5, apparently one hour <u>after</u> their clients had landed in Albania, <u>id.</u> ¶ 5, and did not receive contact information for their clients until the Department of Justice provided a telephone number the following morning of May 6, 2006. <u>Id.</u> ¶ 6.

The observations made by counsel for the <u>Qassim</u> petitioners on a subsequent trip to Albania indicate that, despite the government's assertions, the Uighurs' transfer was arranged rather hastily. For example, counsel learned that the Albanian Deputy Minister for Refugee Affairs had not been consulted in advance regarding the Uighurs' refugee applications. Willett Decl. ¶ 10. And although the government asserts that the Uighurs "are being provided . . . financial assistance as appropriate . . . and can apply for a work permit should they wish to seek employment" and will be "free to travel around Albania," Witten Decl. ¶ 2, when counsel for the <u>Qassim</u> petitioners visited the Uighurs in Albania, "there was considerable confusion about the men's rights to come and go" and they were not free to leave the center where they were housed during the three days of counsel's visit,[4] Willett Decl. ¶ 15; nor had the men been given access to any money or work. <u>Id.</u> ¶ 17.

---

[3] The government now asserts that the <u>Qassim</u> petitioners' claims are moot. Emergency Motion to Dismiss as Moot, <u>Qassim v. Bush</u>, No. 05-5477 (D.C. Cir.).

[4] On May 12, counsel in <u>Qassim</u> were able to make a phone call to Petitioner Qassim, who related that the Uighurs were able to leave the compound where they are staying when accompanied by a government-provided Chinese interpreter, but that the men are afraid to do so. Willett Decl. ¶ 32.

While the government states that "the United States has obtained credible assurances from Albania's government that [the Uighurs] will not be involuntarily returned to the People's Republic of China," Witten Decl. ¶ 3, the Uighurs' legal rights in Albania remain uncertain and there has been significant diplomatic pressure exerted by the Chinese government to extradite the five men to China.  See Willet Decl. at ¶¶ 25-31.[5]

The recent release of the petitioners in Qassim and Mamet demonstrates the inadequacy of the 30 days' advance notice order currently in force in this case.  The five Uighurs face considerable obstacles to their settlement in Albania, many of which could have been mitigated or avoided entirely had the Uighurs' counsel been provided advance notice of their clients' release.  At the very least, the requested modification of the November 21 Order would obviate the difficulties that counsel for petitioners in Qassim and Mamet have faced in trying to assist their clients resettlement efforts by permitting Petitioner's counsel in this case, upon notification of Petitioner's imminent release, to (i) secure adequate local legal assistance in the country chosen for resettlement, (ii) make contacts with local non-governmental organizations that could assist in Petitioner's integration into civil society, and (iii) coordinate with the Office of the United Nations High Commissioner for Refugees to help Petitioner with his application for refugee status or similar legal processes.  The government can present no reasonable basis for refusing this relief.

Finally, Petitioner continues to have a well-founded fear of being "released" to the custody of a foreign government where he may face mistreatment, continued detention

---

[5] "[O]n May 9, 2006, [counsel for the Uighurs] was advised (and the information was subsequently confirmed to [him] by the U.S. embassy) that at least one minister in the Albanian Parliament had given a floor speech urging that the Uighurs be deported to China.  In fact, it was reported the same day that several members of the Albanian Parliament were actively campaigning for the extradition of the men to China and that the Albanian government had not yet decided whether it would do so."  Willett Decl. ¶ 28 (citation omitted).

without due process or torture.[6]  Although the government has previously argued that it is "rife speculation that . . . the United States has designs to send petitioner – who has been determined to no longer be classified as an enemy combatant – to a foreign country in circumstances where he will be tortured," Respondents' Memorandum in Opposition to Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction Barring Transfer or Release or Requiring Advance Notice of Transfer or Release 9-10 (docket no. 9), earlier this month, the United Nations Committee Against Torture expressed concern over U.S. policies concerning rendition.  See Committee Against Torture, Consideration of Reports Submitted by States Parties Under Article 19 of the Convention: Conclusions and recommendations of the Committee against Torture: United States of America, ¶¶ 20-21, CAT/C/USA/CO/2 (Advanced Unedited Version), May 18, 2006  ("CAT Report") (concerned "that the [United States] considers that the *non-refoulement* obligation, under article 3 of the Convention, does not extend to a person detained outside its territory," "by [the United States'] rendition of suspects, without any judicial procedure, to States where they face a real risk of torture," "by the [United States'] use of 'diplomatic assurances', or other kinds of guarantees, assuring that a person will not be tortured if expelled, returned, transferred or extradited to another State," and "by the secrecy of such procedures including the absence of judicial scrutiny and the lack of monitoring mechanisms put in place to assess if the assurances have been honoured.") (Moore Decl., Ex. E).[7]  It is thus

---

[6] See e.g., Motion for Order Requiring Respondents to Provide Counsel for Petitioner and the Court with 30-Days' Advance Notice of Any Intended Removal of Petitioner from Guantánamo at 6, (docket no. 5); Russian Court Convicts Ex-Gitmo Inmates, Washington Post, May 12, 2006, available at http://www.washingtonpost.com/wp-dyn/content/article/2006/05/12/AR2006051201709.html; Ex-Guantánamo prisoner allegedly tortured in Russia needs medical treatment, Amnesty International, February 21, 2006, available at http://web.amnesty.org/pages/rus-210206-action-eng;  Guantánamo: Lives torn apart – The impact of indefinite detention on detainees and their families, Amnesty International, February 6, 2006, available at http://web.amnesty.org/library/index/engamr510072006.

[7] The CAT Report also notes that the United States "should only rely on 'diplomatic assurances' in regard to States which do not systematically violate the Convention's provisions."  CAT Report at ¶ 21.

imperative that counsel and the Court be notified in advance of any intended transport or removal of Petitioner to the custody of a foreign government, even if the purported purpose of such transport or removal is for release.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court modify the November 21, 2005 order, and require respondents to provide 30 days' advance notice of any intended transport or removal of Petitioner from Guantánamo, whether for purposes of release or otherwise.

Dated: May 25, 2006

Respectfully submitted,

Counsel for Petitioner Zakirjan:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____/s/_____
    Jonathan I. Blackman (NY3846)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:
  Christopher P. Moore (NY4936)
  John Van Sickle (NY6487)
  Lia Monahon (NY6366)
  Patrick A. Sheldon (NY1598)

CENTER FOR CONSTITUTIONAL RIGHTS
Barbara Olshansky (NY0057)
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 100012
Tel: (212) 614-6437
Fax: (212) 614-6499

---

The government has not indicated to Petitioner's counsel where it is attempting to transfer or release Petitioner, so it is not possible at this time to assess whether such a transfer or release would be consisted with the recommendations of the CAT Report.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZAKIRJAN,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK) (AK)

## PROPOSED ORDER

Before the Court is petitioner's Motion to Modify the Court's November 21, 2005 Order Requiring 30 Days Notice Before Petitioner is Transferred or Removed. Upon consideration of the motion, [opposition thereto] and the record of this case, the Court concludes that the motion should be granted. It is hereby

**ORDERED**, that petitioner's motion is **GRANTED**; and it is further

**ORDERED**, that respondents shall provide petitioner's counsel and the court with 30 days notice prior to transporting or removing petitioner Zakirjan from Guantánamo Bay Naval Base, whether the transport or removal is for purposes of release or otherwise.

                                                          Henry H. Kennedy, Jr.
                                                          United States District Judge