Distr.
GENERAL

CAT/C/USA/CO/2
18 May 2006

Original: ENGLISH

# ADVANCE UNEDITED VERSION

COMMITTEE AGAINST TORTURE
36th session
1 – 19 May 2006

**CONSIDERATION OF REPORTS SUBMITTED BY STATES PARTIES
UNDER ARTICLE 19 OF THE CONVENTION**

**Conclusions and recommendations of the Committee against Torture**

**UNITED STATES OF AMERICA**

1.     The Committee against Torture ("the Committee") considered the second report of the United States of America (CAT/C/48/Add.3/Rev.1) at its 702nd and 705th meetings (CAT/C/SR.702 and 705), held on 5 and 8 May 2006, and adopted, at its 720th and 721st meetings, on 17 and 18 May 2006 (CAT/C/SR.720 and 721) the following conclusions and recommendations.

## A.  Introduction

2.     The second periodic report of the United States of America was due on 19 November 2001, as requested by the Committee at its twenty-fourth session in May 2000 (A/55/44, para. 180 (f)) and was received on 6 May 2005. The Committee notes that the report includes a point-by-point reply to the Committee's previous recommendations.

3.     The Committee commends the State party for its exhaustive written responses to the Committee's list of issues, as well as the detailed responses provided both in writing and orally to

CAT/C/USA/CO/2
page 2

the questions posed by the members during the examination of the report. The Committee expresses its appreciation for the large and high-level delegation, comprising representatives from relevant Departments of the State party, which facilitated a constructive oral exchange during the consideration of the report.

4.      The Committee notes that the State party has a federal structure, but recalls that the United States of America is a single State under international law and has the obligation to implement the Convention against Torture ("the Convention") in full at the domestic level.

5.      Recalling its statement adopted on 22 November 2001 condemning utterly the terrorist attacks of 11 September 2001, the terrible threat to international peace and security posed by acts of international terrorism and the need to combat by all means, in accordance with the Charter of the United Nations, the threats caused by terrorist acts, the Committee recognizes that these attacks caused profound suffering to many residents of the State party. The Committee acknowledges that the State party is engaged in protecting its security and the security and freedom of its citizens in a complex legal and political context.

## B.  Positive aspects

6.      The Committee welcomes the State party's statement that all United States' officials, from all Government agencies, including its contractors, are prohibited from engaging in torture at all times and in all places, and that all United States' officials from all Government agencies, including its contractors, wherever they may be, are prohibited from engaging in cruel, inhuman or degrading treatment or punishment, in accordance with the obligations in the Convention.

7.      The Committee notes with satisfaction the State party's statement that the United States does not transfer persons to countries where it believes it is "more likely than not" that they will be tortured, and that this also applies, as a matter of policy, to the transfer of any individual, in the State party's custody, or control, regardless of where they are detained.

8.      The Committee welcomes the State party's clarification that the statement of the U.S. President on signing the Detainee Treatment Act on 30 December 2005 is not to be interpreted as a derogation by the President from the absolute prohibition of torture.

9.      The Committee also notes with satisfaction the enactment of:

    a)      The Prison Rape Elimination Act of 2003, which addresses sexual assault of persons in the custody of correctional agencies, with the purpose, *inter alia*, of establishing a "zero-tolerance standard" for rape in detention facilities in the State party; and

    b)      That part of the Detainee Treatment Act of 2005 which prohibits cruel, inhuman, or degrading treatment and punishment of any person, regardless of nationality or physical location, in the custody or under the physical control of the State party.

CAT/C/USA/CO/2
page 3

10.    The Committee welcomes the adoption of National Detention Standards in 2000, which set minimum standards for detention facilities holding Department of Homeland Security detainees, including asylum-seekers.

11.    The Committee also notes with satisfaction the sustained and substantial contributions of the State party to the United Nations Voluntary Fund for the Victims of Torture.

12.    The Committee notes the State party's intention to adopt a new Army Field Manual for intelligence interrogation, applicable to all its personnel, which, according to the State party, will ensure that interrogation techniques fully comply with the Convention.

## C. Principal subjects of concern and recommendations

13.    Notwithstanding the statement by the State party that "every act of torture within the meaning of the Convention is illegal under existing federal and/or state law", the Committee reiterates the concern expressed in its previous Conclusions and Recommendations with regard to the absence of a federal crime of torture, consistent with article 1 of the Convention, given that sections 2340 and 2340 A of the United States Code limit federal criminal jurisdiction over acts of torture to extraterritorial cases. The Committee also regrets that, despite the occurrence of cases of extraterritorial torture of detainees, no prosecutions have been initiated under the extraterritorial criminal torture statute. (articles 1, 2, 4 and 5)

**The Committee reiterates its previous recommendation that the State party should enact a federal crime of torture consistent with article 1 of the Convention, which should include appropriate penalties, in order to fulfill its obligations under the Convention to prevent and eliminate acts of torture causing severe pain or suffering, whether physical or mental, in all its forms.**

**The State party should ensure that acts of psychological torture, prohibited by the Convention, are not limited to "prolonged mental harm" as set out in the State party's understandings lodged at the time of ratification of the Convention, but constitute a wider category of acts, which cause severe mental suffering, irrespective of their prolongation or its duration.**

**The State party should investigate, prosecute and punish perpetrators under the federal extraterritorial criminal torture statute.**

14.    The Committee regrets the State party's opinion that the Convention is not applicable in times and in the context of armed conflict, on the basis of the argument that the "law of armed conflict" is the exclusive *lex specialis* applicable, and that the Convention's application "would result in an overlap of the different treaties which would undermine the objective of eradicating torture". (articles 1 and 16)

CAT/C/USA/CO/2
page 4

**The State party should recognize and ensure that the Convention applies at all times, whether in peace, war or armed conflict, in any territory under its jurisdiction and that the application of the Convention's provisions are without prejudice to the provisions of any other international instrument, pursuant to paragraph 2 of its articles 1 and 16.**

15.    The Committee notes that a number of the Convention's provisions are expressed as applying to "territory under [the State party's] jurisdiction" (articles 2, 5, 13, 16). The Committee reiterates its previously expressed view that this includes all areas under the *de facto* effective control of the State party, by whichever military or civil authorities such control is exercised. The Committee considers that the State party's view that those provisions are geographically limited to its own *de jure* territory to be regrettable.

**The State party should recognize and ensure that the provisions of the Convention expressed as applicable to "territory under the State party's jurisdiction" apply to, and are fully enjoyed, by all persons under the effective control of its authorities, of whichever type, wherever located in the world.**

16.    The Committee notes with concern that the State party does not always register persons detained in territories under its jurisdiction outside the United States, depriving them of an effective safeguard against acts of torture (article 2)

**The State party should register all persons it detains in any territory under its jurisdiction, as one measure to prevent acts of torture. Registration should contain the identity of the detainee, the date, time and place of the detention, the identity of the authority that detained the person, the ground for the detention, the date and time of admission to the detention facility and the state of health of the detainee upon admission and any changes thereto, the time and place of interrogations, with the names of all interrogators present, as well as the date and time of release or transfer to another detention facility.**

17.    The Committee is concerned by allegations that the State party has established secret detention facilities, which are not accessible to the International Committee of the Red Cross. Detainees are deprived of fundamental legal safeguards, including an oversight mechanism in regard to their treatment and review procedures with respect to their detention. The Committee is also concerned by allegations that those detained in such facilities could be held for prolonged periods and face torture or cruel, inhuman or degrading treatment. The Committee considers the "no comment" policy of the State party regarding the existence of such secret detention facilities, as well as on its intelligence activities, to be regrettable. (articles 2 and 16)

**The State party should ensure that no one is detained in any secret detention facility under its de facto effective control. Detaining persons in such conditions constitutes, *per se*, a violation of the Convention. The State party should investigate and disclose the existence of any such facilities and the authority under which they have been**

**established and the manner in which detainees are treated. The State party should publicly condemn any policy of secret detention.**

**The Committee recalls that intelligence activities, notwithstanding their author, nature or location, are acts of the State party, fully engaging its international responsibility.**

18.    The Committee is concerned by reports of the involvement of the State party in enforced disappearances. The Committee considers the State party's view that such acts do not constitute a form of torture to be regrettable. (articles 2 and 16)

**The State party should adopt all necessary measures to prohibit and prevent enforced disappearance in any territory under its jurisdiction, and prosecute and punish perpetrators, as this practice constitutes, *per se*, a violation of the Convention.**

19.    Notwithstanding the State party's statement that "[u]nder U.S. law, there is no derogation from the express statutory prohibition of torture" and that "[n]o circumstances whatsoever (…) may be invoked as a justification or defense to committing torture", the Committee remains concerned at the absence of clear legal provisions ensuring that the Convention's prohibition against torture is not derogated from under any circumstances, in particular since 11 September 2001. (articles 2, 11 and 12)

**The State party should adopt clear legal provisions to implement the principle of absolute prohibition of torture in its domestic law without any possible derogation. Derogation from this principle is incompatible with paragraph 2, of article 2, of the Convention and cannot limit criminal responsibility. The State party should also ensure that perpetrators of acts of torture are prosecuted and punished appropriately.**

**The State party should also ensure that any interrogation rules, instructions or methods do not derogate from the principle of absolute prohibition of torture and that no doctrine under domestic law impedes the full criminal responsibility of perpetrators of acts of torture.**

**The State party should promptly, thoroughly, and impartially investigate any responsibility of senior military and civilian officials authorizing, acquiescing  or consenting, in any way, to acts of torture committed by their subordinates.**

20.    The Committee is concerned that the State party considers that the *non-refoulement* obligation, under article 3 of the Convention, does not extend to a person detained outside its territory. The Committee is also concerned by the State party's rendition of suspects, without any judicial procedure, to States where they face a real risk of torture. (article 3)

**The State party should apply the *non-refoulement* guarantee to all detainees in its custody, cease the rendition of suspects, in particular by its intelligence agencies, to States where they face a real risk of torture, in order to comply with its obligations**

**under article 3 of the Convention. The State party should always ensure that suspects have the possibility to challenge decisions of *refoulement*.**

21.     The Committee is concerned by the State party's use of "diplomatic assurances", or other kinds of guarantees, assuring that a person will not be tortured if expelled, returned, transferred or extradited to another State. The Committee is also concerned by the secrecy of such procedures including the absence of judicial scrutiny and the lack of monitoring mechanisms put in place to assess if the assurances have been honoured. (article 3)

**When determining the applicability of its *non-refoulement* obligations under article 3 of the Convention, the State party should only rely on "diplomatic assurances" in regard to States which do not systematically violate the Convention's provisions, and after a thorough examination of the merits of each individual case. The State party should establish and implement clear procedures for obtaining such assurances, with adequate judicial mechanisms for review, and effective post-return monitoring arrangements. The State party should also provide detailed information to the Committee on all cases since 11 September 2001 where assurances have been provided.**

22.     The Committee, noting that detaining persons indefinitely without charge, constitutes per se a violation of the Convention,  is concerned that detainees are held for protracted periods at Guantánamo Bay, without sufficient legal safeguards and without judicial assessment of the justification for their detention. (articles 2, 3 and 16)

**The State party should cease to detain any person at Guantánamo Bay and close this detention facility, permit access by the detainees to judicial process or release them as soon as possible, ensuring that they are not returned to any State where they could face a real risk of being tortured, in order to comply with its obligations under the Convention.**

23.     The Committee is concerned that information, education and training provided to the State party's law enforcement or military personnel are not adequate and do not focus on all provisions of the Convention, in particular on the non-derogable nature of the prohibition of torture and the prevention of cruel, inhuman and degrading treatment or punishment. (articles 10 and 11)

**The State party should ensure that education and training of all law enforcement or military personnel, are conducted on a regular basis, in particular for personnel involved in the interrogation of suspects. This should include training on interrogation rules, instructions and methods, and specific training on how to identify signs of torture and cruel, inhuman or degrading treatment. Such personnel should also be instructed to report such incidents.**

**The State party should also regularly evaluate the training and education provided to its law enforcement and military personnel as well as ensure regular and independent monitoring of their conduct.**

24.     The Committee is concerned that in 2002 the State party authorized the use of certain interrogation techniques, which have resulted in the death of some detainees during interrogation. The Committee also regrets that "confusing interrogation rules" and techniques defined in vague and general terms, such as "stress positions", have led to serious abuses of detainees. (articles 11, 1, 2 and 16)

**The State party should rescind any interrogation technique, including methods involving sexual humiliation, "water boarding", "short shackling" and using dogs to induce fear, that constitute torture or cruel, inhuman or degrading treatment or punishment, in all places of detention under its *de facto* effective control, in order to comply with its obligations under the Convention.**

25.     The Committee is concerned with allegations of impunity of some of the State party's law enforcement personnel in respect of acts of torture or cruel, inhuman or degrading treatment or punishment. The Committee notes the limited investigation and lack of prosecution in respect of the allegations of torture perpetrated in areas 2 and 3 of the Chicago Police Department. (article 12)

**The State party should promptly, thoroughly and impartially investigate all allegations of acts of torture or cruel, inhuman or degrading treatment or punishment by law enforcement personnel and bring perpetrators to justice, in order to fulfill its obligations under article 12 of the Convention. The State party should also provide the Committee with information on the ongoing investigations and prosecution relating to the above mentioned case.**

26.     The Committee is concerned by reliable reports of acts of torture or cruel, inhuman and degrading treatment or punishment committed by certain members of the State party's military or civilian personnel in Afghanistan and Iraq. It is also concerned that the investigation and prosecution of many of these cases, including some resulting in the death of detainees, have led to lenient sentences, including of an administrative nature or less than one year's imprisonment.  (article 12)

**The State party should take immediate measures to eradicate all forms of torture and ill-treatment of detainees by its military or civilian personnel, in any territory under its jurisdiction, and should promptly and thoroughly investigate such acts and prosecute all those responsible for such acts, and ensure they are appropriately punished, in accordance with the seriousness of the crime.**

27.     The Committee is concerned that the Detainee Treatment Act of 2005 aims to withdraw the jurisdiction of the State party's federal courts with respect to *habeas corpus* petitions, or other claims by or on behalf of Guantánamo Bay detainees, except under limited circumstances. The Committee is also concerned that detainees in Afghanistan and Iraq, under the control of the Department of Defence, have their status determined and reviewed by an administrative process of that Department. (article 13)

CAT/C/USA/CO/2
page 8

> **The State party should ensure that independent, prompt and thorough procedures to review the circumstances of detention and the status of detainees are available to all detainees as required by article 13 of the Convention.**

28.     The Committee is concerned by the difficulties certain victims of abuses have faced in obtaining redress and adequate compensation, and that only a limited number of detainees have filed claims for compensation for alleged abuse and maltreatment, in particular under the Foreign Claims Act. (article 14)

> **The State party should ensure, in accordance with the Convention, that mechanisms to obtain full redress, compensation and rehabilitation are accessible to all victims of acts of torture or abuse, including sexual violence, perpetrated by its officials.**

29.     The Committee is concerned by section 1997 e (e) of the 1995 Prison Litigation Reform Act which provides "that no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury." (article 14)

> **The State party should not limit the right of victims to bring civil actions and amend the Prison Litigation Reform Act accordingly.**

30.     The Committee, while taking note of the State party's instruction number 10 of 24 March 2006 which provides that military commissions shall not admit statements established to be made as a result of torture in evidence, is concerned about the implementation of the instruction in the context of such commissions and the limitations on detainees' effective right to complain. The Committee is also concerned about the Combatant Status Review Tribunals and the Administrative Review Boards. (articles 13 and 15)

> **The State party should ensure that its obligations under articles 13 and 15 are fulfilled in all circumstances, including in the context of military commissions and should consider establishing an independent mechanism to guarantee the rights of all detainees in its custody.**

31.     The Committee is concerned by the fact that substantiated information indicates that executions in the State party can be accompanied by severe pain and suffering. (articles 16, 1 and 2)

> **The State party should carefully review its execution methods, in particular lethal injection in order to prevent severe pain and suffering.**

32.     The Committee is concerned by reliable reports of sexual assault of sentenced detainees, as well as persons in pre-trial or immigration detention, in places of detention in the State party. The Committee is concerned that there are numerous reports of sexual violence perpetrated by detainees on each other, and that persons of differing sexual orientation are particularly vulnerable. The Committee is also concerned by the lack of prompt and independent investigation of such acts and

that appropriate measures to combat these abuses have not been implemented by the State party. (articles 16, 12, 13 and 14)

> **The State party should design and implement appropriate measures to prevent all sexual violence, in all its detention centres. The State party should ensure that all allegations of violence in detention centres are investigated promptly and independently, perpetrators are prosecuted and appropriately sentenced and victims can seek redress, including appropriate compensation.**

33.    The Committee is concerned by the treatment of detained women in the State party, including gender-based humiliation and incidents of shackling of women detainees during child-birth. (article 16)

> **The State party should adopt all appropriate measures to ensure that women in detention are treated in conformity with international standards.**

34.    The Committee reiterates the concern expressed in its previous recommendations about the conditions of the detention of children, in particular the fact that they may not be completely segregated from adults during pre-trail detention and after sentencing.  The Committee is also concerned by the large number of children sentenced to life imprisonment in the State party. (article 16)

> **The State party should ensure that detained children are kept in facilities separate from those for adults in conformity with international standards. The State party should address sentences of life imprisonment of children as these could constitute cruel, inhuman or degrading treatment or punishment.**

35.    The Committee remains concerned about the extensive use by the State party's law enforcement personnel of electro-shock devices which have caused in several deaths. The Committee is concerned that this practice raises serious issues of compatibility with article 16 of the Convention. (article 16)

> **The State party should carefully review the use of electro-shock devices, strictly regulate their use, restricting it to substitution for lethal weapons and eliminate the use of these devices to restrain persons in custody, as this leads to breaches of article 16 of the Convention.**

36.    The Committee remains concerned about the extremely harsh regime imposed on detainees in "supermaximum prisons." The Committee is concerned about the prolonged isolation periods detainees are subjected to, the effect such treatment has on their mental health, and that its purpose may be retribution, in which case it would constitute cruel, inhuman or degrading treatment or punishment. (article 16)

> **The State party should review the regime imposed on detainees in "supermaximum prisons," in particular the practice of prolonged isolation.**

CAT/C/USA/CO/2
page 10

37.     The Committee is concerned about reports of brutality and use of excessive force by the State party's law enforcement personnel, and the numerous allegations of their ill-treatment of vulnerable groups, in particular racial minorities, migrants and persons of different sexual orientation which have not been adequately investigated. (article 16 and 12)

> **The State party should ensure that reports of brutality and ill-treatment of members of vulnerable groups by its law enforcement personnel are independently, promptly and thoroughly investigated and that perpetrators are prosecuted and appropriately punished.**

38.     The Committee strongly encourages the State party to invite the Special Rapporteur on torture and other cruel, inhuman or degrading treatment or punishment, in full conformity with the terms of reference for fact-finding missions by Special Procedures of the United Nations, to visit Guantánamo Bay and any other detention facility under its effective *de facto* control.

39.     The Committee invites the State party to reconsider its express intention not to become party to the Rome Statute of the International Criminal Court.

40.     The Committee reiterates its recommendation that the State party should consider withdrawing its reservations, declarations and understandings lodged at the time of ratification of the Convention.

41.     The Committee encourages the State party to consider making the declaration under article 22, thereby recognizing the competence of the Committee to receive and consider individual communications, as well as ratifying the Optional Protocol to the Convention.

42.     The Committee requests the State party to provide detailed statistical data, disaggregated by sex, ethnicity and conduct, on complaints related to torture and ill-treatment allegedly committed by law enforcement officials, investigations, prosecutions, penalties and disciplinary action relating to such complaints. It requests the State party to provide similar statistical data and information on the enforcement of the Civil Rights of Institutionalized Persons Act by the Department of Justice, in particular in respect to the prevention, investigation and prosecution of acts of torture, or cruel, inhuman or degrading treatment or punishment in detention facilities and the measures taken to implement the Prison Rape Elimination Act and their impact. The Committee requests the State party to provide information on any compensation and rehabilitation provided to victims. The Committee encourages the State party to create a federal database to facilitate the collection of such statistics and information which assist in the assessment of the implementation of the provisions of the Convention and the practical enjoyment of the rights it provides. The Committee also requests the State party to provide information on investigations into the alleged ill-treatment perpetrated by law enforcement personnel in the aftermath of Hurricane Katrina.

43.     The Committee requests the State party to provide, within one year, information on its response to its recommendations in paragraphs 16, 20, 21, 22, 24, 33, 34 and 42 above.

CAT/C/USA/CO/2
page 11

44.     The Committee requests the State party to disseminate its report, with its addenda and the written answers to the Committee's list of issues and oral questions and the conclusions and recommendations of the Committee widely, in all appropriate languages through official websites, the media and non-governmental organizations.

45.     The State party is invited to submit its next periodic report, which will be considered as its fifth periodic report, by 19 November 2011, the due date of the fifth periodic report.

-----