IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKIRJAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-2053 (HHK) |
| ) | |
| GEORGE W. BUSH, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S
MOTION TO MODIFY THE COURT'S NOVEMBER 21, 2005 ORDER**

Respondents hereby oppose petitioner's motion to modify the Court's November 21,

2005 Order (dkt. no. 18) requiring 30-days' advance notice of a transfer or removal of petitioner

from Guantanamo Bay for purposes other than release (dkt. no. 51) ("Petr's Mot.").   Petitioner –

who at the time the Order was entered had been classified by the Department of Defense as no

longer an enemy combatant and with respect to whom the government has been actively engaged

in efforts to locate and arrange for a suitable country for release[1]– seeks through his motion that

the Court reconsider its prior refusal to require advance notice of a transfer for such release and

modify the Order to require "advance notice of any intended transfer or removal," including for

release.

---

[1] With respect to the four remaining Guantanamo detainees, including petitioner, who
have been accorded status as no longer enemy combatants, the government intends to release the
detainees as soon as suitable countries for transfer can be found that, consistent with United
States policy, avoid a situation where a detainee would be returned to a country where it is more
likely than not that he would be tortured.  See, e.g., Respondents' Mem. in Opposition to Petr's
Motions for Temporary Restraining Order and Preliminary Injunction Barring Transfer or
Release or Requiring Advance Notice of Transfer or Release (dkt. no. 9) at 3-6 (discussing
United States policy and practices with respect to releases of Guantanamo detainees).

On March 16, 2006, this Court stayed "all action" in the above-captioned case and held in abeyance all pending motions pending resolution by the Supreme Court or the D.C. Circuit of "serious questions concerning whether this court retains jurisdiction to hear the above-captioned cases" after the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, became law (dkt. no. 46). Because the Court has stayed "all action" in this case, no further response from respondents to petitioner's motion should be required. Should the Court choose to consider petitioner's motion, however, respondents submit the following further response, noting that in light of the Detainee Treatment Act, the Court lacks jurisdiction to provide petitioner the requested relief, which amounts to nothing less than a new order prohibiting any release of petitioner absent the requested advance notice. In any event, petitioner's motion should be denied because petitioner offers no legitimate grounds for reconsideration of the Court's prior order.

## BACKGROUND

While petitioner's motion is cast as a motion to modify the November 21, 2005 Order, in reality it seeks reconsideration of the Court's prior refusal to require advance notice of any transfer of petitioner from Guantanamo for release. The November 21, 2005 Order was entered in connection with a motion by petitioner that sought 30-days' advance notice of any intended transfer or removal of petitioner from Guantanamo Bay. See Motion for Order Requiring Respondents to Provide Counsel for Petitioner and the Court With 30-Days' Advance Notice of Any Intended Removal of Petitioner From Guantanamo (dkt. no. 5). In the course of the briefing on that motion, petitioner's counsel noted petitioner's status as no longer an enemy combatant, and respondents confirmed petitioner's status and noted that the government was engaged in

efforts to locate and arrange for a suitable country for petitioner's release.  Respondents also argued that a judicial bar with respect to release of such a detainee absent advance notice would not be appropriate.  See, e.g., Respondents' Mem. in Opposition to Petr's Motions for Temporary Restraining Order and Preliminary Injunction Barring Transfer or Release or Requiring Advance Notice of Transfer or Release (dkt. no. 9) at 3, 15-16.

Initially, the Court, consistent with its prior rulings on similar motions in other cases involving Guantanamo detainees held as enemy combatants who are potentially subject to transfer to other countries for continued detention, investigation, or prosecution within the discretion of the transferee country,[2] had issued a temporary restraining order prohibiting respondents from removing petitioner from Guantanamo "until petitioner's motion for preliminary injunction is decided unless such removal is for the purpose of releasing petitioner from detention."  See Nov. 7, 2005 Order (dkt. no. 11).  Petitioner then filed a 22-page reply brief in support of his preliminary injunction motion, once again arguing that the Court should order advance notice of *any* intended transfer or removal of petitioner from Guantanamo, including for release.  See Petr's Reply Mem. in Support of Motion for Order Requiring Respondents to Provide Counsel for Petitioner and the Court With 30-Days' Advance Notice of Any Intended Removal of Petitioner From Guantanamo (dkt. no. 12).  When the Court ruled on petitioner's motion, however, it required respondents to "provide petitioners' counsel and the court with 30 days' notice prior to transporting or removing petitioner from Guantánamo Bay Naval Base

---

[2] See, e.g., Respondents' Mem. in Opposition to Petr's Motions for Temporary Restraining Order and Preliminary Injunction Barring Transfer or Release or Requiring Advance Notice of Transfer or Release (dkt. no. 9), Decl. of Then-Deputy Assistant Secretary of Defense for Detainee Affairs Matthew C. Waxman, ¶¶ 3-7 (discussing policy and practice with respect to transfers of enemy combatant detainees).

*unless such transportation or removal is for the purpose of releasing petitioner Zakirjan from detention*." See Nov. 21, 2005 Order (dkt. no. 18) (emphasis added). Accordingly, in entering its November 21, 2005 Order, the Court considered, and rejected, the relief sought in petitioner's current motion to amend the Order.

## ARGUMENT

### I.    The Court Lacks Jurisdiction To Order The Requested Relief.

As noted in the Court's March 16, 2006 Order, on December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants; section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was

made expressly applicable to pending cases.  Id. § 1005(h).  In light of the statutory withdrawal

of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C.

Circuit, the Court has no jurisdictional basis to order the relief requested by petitioner.

 The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee

appeals pending before the D.C. Circuit.[3]  In light of this and given the new, statutory withdrawal

of the Court's jurisdiction, at a minimum a continuation of the Court's stay of all proceedings in

this case, including with respect to petitioner's request for relief, is appropriate pending the

resolution of the effect of the Act.[4]  Indeed, because the Act vests "exclusive" jurisdiction in the

D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review

Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be

inappropriate for the Court to order relief in the interim that might infringe upon the Court of

Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC,

750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court

of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of

Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress

manifested an intent that the appellate court exercise sole jurisdiction over the class of claims

covered by the statutory grant of review power.").  Because the order now sought by petitioner

---

 [3] Oral argument before the D.C. Circuit was held on March 22, 2006.

 [4] In this vein, three other Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

amounts to nothing less than a new order prohibiting any release of petitioner absent the

requested advance notice, the relief requested by petitioners is not a matter independent of the

jurisdictional question pending before the Court of Appeals, and the entry of the requested order

would constitute an assertion of authority inconsistent with the Act's withdrawal of this Court's

habeas jurisdiction and investment of exclusive jurisdiction in the Court of Appeals.[5]  See Steel

Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot

proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869)

("Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause.").

## II.    Petitioner Is Not Entitled To Reconsideration Of The Court's November 21, 2005 Order.

Petitioner's motion should be denied not only because jurisdiction to order the relief

requested is lacking, but because petitioner is not entitled to reconsideration of the relief

provided in the November 21, 2005 Order.  A court should reconsider an interlocutory order only

where "justice requires" it, in the sense that reconsideration may be appropriate when the court

has "'patently misunderstood a party, has made a decision outside the adversarial issues

presented to the Court by the parties, has made an error not of reasoning but of apprehension, or

where a controlling or significant change in the law or facts [has occurred] since the submission

of the issue to the Court.'" See Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101

---

[5] It should be noted that petitioner has also sought to bring the issue of release before the Court of Appeals, though not through the exclusive review provision of the Detainee Treatment Act.  Rather, in the pending interlocutory appeal of the Court's November 21, 2005 Order, petitioner recently filed a "Motion for Release Pending Appeal" (filed May 26, 2006 in Zakirjan v. Bush, No. 06-5042 (D.C. Cir.)), in which he asks the Court of Appeals to order his release into the United States pending resolution of the appeal.

(D.D.C. 2005) (Lamberth, J.) (citing Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004)).

"Errors of apprehension may include a Court's failure to consider 'controlling decisions or data

that might reasonably be expected to alter the conclusion reached by the court.'" 383 F. Supp. 2d

at 101 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).   Importantly, "'the

district court's discretion to reconsider a non-final ruling is, however, . . . subject to the caveat

that where litigants have once battled for the court's decision, they should not be required, nor

without good reason permitted, to battle for it again.'" 383 F. Supp. 2d at 101 (citing In re Ski

Train Fire, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (internal quotation marks and citation

omitted)).  As discussed supra, petitioner here has made two unsuccessful prior attempts to

obtain the relief he now seeks.  The current motion is but an attempt for yet another bite at the

apple.  As explained below, however, petitioner provides no legitimate ground warranting

reconsideration of the November 21, 2005 Order.

  Petitioner's counsel complain, first of all, that the Court should reconsider its November

21, 2005 Order because of "the government's failure to provide any advance notice of its recent

release of the petitioners in Qassim v. Bush, 05-cv-0497 (JR) and Mamet v. Bush, 05-cv-1886

(EGS)."  Petr's Mot. at 2.  Petitioner's counsel inexplicably omits, however, that neither of those

cases involved a live court order requiring respondents to provide advance notice of any release

of the petitioners in those cases.[6]  Thus, that respondents did not provide advance notice of the

releases in those cases was no "failure" of any kind and does not somehow warrant imposition of

---

[6] The Qassim case had been dismissed in its entirety by Judge Robertson.  See Qassim v. Bush, 407 F. Supp. 2d 198, 203 (D.D.C. 2005).  No order requiring advance notice of transfer had issued in Mamet.

a requirement in this case barring release of a detainee determined to be no longer an enemy combatant absent advance notice.

Indeed, petitioner does not argue that the releases in <u>Qassim</u> and <u>Mamet</u> provide petitioner some legal right to advance notice of his own release when it is arranged; rather, his counsel argues that alleged practical matters with respect to the resettlement of the <u>Qassim</u> and <u>Mamet</u> petitioners in the country to which they were released "could have been mitigated or avoided entirely had the [petitioners'] counsel been provided advance notice of their clients' release." Petr's Mot. at 4. Petitioner's counsel cites the need to make contacts in the resettlement country for local legal and social integration assistance and refugee processing.[7] <u>See id.</u> Such considerations, however, provide no legal basis for a judicially imposed requirement for advance notice of a relief. Moreover, petitioner's proposal that counsel be able to use advance notice of release to essentially make public a proposed release of petitioner to a receiving country could give rise to practical harms with respect to respondents' ability to effect the release. Transfers and releases of Guantanamo detainees generally are matters of diplomatic sensitivity.

---

[7] Petitioner's counsel provide no specifics as to what matters could have "mitigated or avoided" or how they would have been "mitigated or avoided" had advance notice of release been provided. As noted in the government declaration submitted with petitioner's motion, the <u>Qassim</u> and <u>Mamet</u> petitioners, having not been repatriated but released for resettlement in Albania, were upon arrival immediately accorded processing for refugee status by the Government of Albania. <u>See</u> Petr's Mot. Ex. D (Decl. of Department of State Acting Director of Office of War Crimes Issues) ¶ 2. As for the various allegations and insinuations by <u>Qassim</u> and <u>Mamet</u> counsel regarding the situation of their clients during this initial period in which they are being assisted by the Government of Albania in resettlement in that country, which are retold in petitioner's motion as if they are relevant to petitioner, the government filed a formal response in <u>Qassim</u>. <u>See</u> Response to Petitioners' Status Report and Request for Briefing Schedule at 3-6, filed in <u>Qassim v. Bush</u>, No. 05-5477 (D.C. Cir.) (noting that Albania is providing petitioners safety, food, clothing, financial assistance, telephone access, as well as outings to local community) (unsigned copy attached as Exhibit 1).

The ability of the government to effectuate such releases depends on the ability to carry on appropriate diplomatic relations and dialogue. Extra-governmental disclosure and publicity concerning a planned release prior to transfer, especially with regard to a specific detainee, could complicate that diplomatic dialogue or compromise the government's efforts and credibility in the matter or with respect to engaging foreign governments regarding future releases or transfers.

In any event, as noted in petitioner's motion, see Petr's Mot. at 3, counsel for the Qassim and Mamet petitioners were provided notice of the transfer for release in those cases within approximately an hour after the release was effected, and they were able to begin efforts to assist the former detainees appropriately. Indeed, respondents' typical practice is to provide notice to counsel for Guantanamo detainees as soon as possible after any transfer of the detainees is completed – typically within hours of the transfer's completion, after which typically the fact of transfer is made public and counsel are free to undertake appropriate activities to arrange for local assistance for the former detainees. Petitioner's counsel's complaint, therefore, provides no basis for reconsideration of the November 21, 2005 Order.

Petitioner also claims that reconsideration of the November 21, 2005 Order is warranted because he fears he will be transferred to a foreign government where he may be tortured. See Petr's Mot. at 4-5. Petitioner raised the very same argument in his original motion seeking advance notice of any intended transfer or removal of petitioner from Guantanamo, see dkt. no. 5, and then again in his reply in support of the original motion, see dkt. no. 12. The Court considered the argument and properly declined to impose petitioner's requested relief with respect to transfer "for the purpose of releasing petitioner Zakirjan from detention." As noted in respondents' opposition to petitioner's prior motion, petitioner's argument is nothing more than

rife speculation that, contrary to the policies and processes attested to in the sworn declarations

of high-level Executive Branch officials supporting respondents' opposition, the United States

would send petitioner – who has been determined to no longer be classified as an enemy

combatant – to a foreign country in circumstances where he will be tortured.[8]  Petitioner offers

nothing in his current motion to the contrary.  The various "concerns" expressed in the report of

the Committee Against Torture cited by petitioner are not addressed to past releases of detainees

determined to be no longer enemy combatants and, in any event, are factually baseless and

legally erroneous in many important respects.  Indeed, respondents have now released 34 of 38[9]

detainees determined through the Combatant Status Review Tribunal Process to be no longer

enemy combatants, and petitioner fails to provide one iota of evidence that any of those former

detainees were released by respondents to governments where they were nonetheless subjected to

torture.  Indeed, United States' policy and practice is to the contrary; it is the policy of the United

States not to transfer a detainee to a country where the United States believes it is more likely

than not that the individual will be tortured.  See supra note 8.  Petitioner's repetition of his prior

argument on this matter simply provides no ground for reconsideration and amendment of the

November 21, 2005 Order.  See Singh, 383 F. Supp. 2d at 101 ("where litigants have once

---

[8] See Respondents' Mem. in Opposition to Petr's Motions for Temporary Restraining Order and Preliminary Injunction Barring Transfer or Release or Requiring Advance Notice of Transfer or Release (dkt. no. 9) at 3-6, 9-10; id. Decl. of Then-Ambassador Pierre-Richard Prosper (March 8, 2005), ¶ 4; id. Decl. of Then-Deputy Assistant Secretary of Defense for Detainee Affairs Matthew C. Waxman, ¶ 6.  While Mr. Waxman and Mr. Prosper have both recently left office, the policies and practices set forth in their prior declarations remain in effect and reflect the policy and practice of the United States in this matter.

[9] See Department of Defense "Combatant Status Review Tribunal Summary" (available at <<www.defenselink.mil/news/Combatant_Tribunals.html>>).

battled for the court's decision, they should not be required, nor without good reason permitted, to battle for it again") (internal quotation marks and citation omitted).

## **CONCLUSION**

For the foregoing reasons, the Court should deny petitioner's motion.

Dated: June 9, 2006                    Respectfully submitted,

                                       PETER D. KEISLER
                                       Assistant Attorney General

                                       DOUGLAS N. LETTER
                                       Terrorism Litigation Counsel

                                       _____/s/ Terry M. Henry_____
                                       JOSEPH H. HUNT (D.C. Bar No. 431134)
                                       VINCENT M. GARVEY (D.C. Bar No. 127191)
                                       TERRY M. HENRY
                                       JAMES J. SCHWARTZ
                                       PREEYA M. NORONHA
                                       ROBERT J. KATERBERG
                                       NICHOLAS J. PATTERSON
                                       ANDREW I. WARDEN
                                       EDWARD H. WHITE
                                       MARC A. PEREZ
                                       Attorneys
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       20 Massachusetts Ave., N.W.
                                       Washington, DC  20530
                                       Tel:  (202) 514-4107
                                       Fax:  (202) 616-8470

                                       Attorneys for Respondents