PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKIRJAN,<br><br>　　　Petitioner/Plaintiff,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>　　　Respondents/Defendants. | Case No. 05-Cv-2053 (HHK) (AK) |

### MOTION TO VACATE THE MARCH 16, 2006 STAY ORDER

Petitioner Zakirjan Hassam ("Petitioner" or "Zakirjan") – a concededly innocent man who has been imprisoned in Guantánamo Bay, Cuba ("Guantánamo") for more than four years[1] – respectfully moves, through undersigned counsel, the Court to vacate the Order dated March 16, 2006, which provides "that all pending motions in [this case] are held in abeyance until such time as either the Supreme Court or the D.C. Circuit resolves the question of this court's jurisdiction to adjudicate [this case]" in light of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005) ("DTA"), and "that all action in [this case] is stayed pending the jurisdictional ruling of either the Supreme Court or the D.C. Circuit." Order, dated March 16, 2006 (docket no. 46) ("March 16 Stay Order").

### PRELIMINARY STATEMENT

The sole purpose of the March 16 Stay Order was to stay proceedings in this case "until such time as either the Supreme Court or the D.C. Circuit resolves the question of this

---

[1] Respondents concede that Petitioner is <u>not</u> an "enemy combatant" and that he should be released. See Respondents' Memorandum in Opposition to Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction Barring Transfer or Release or Requiring Advance Notice of Transfer or Release at 3, dated November 3, 2005 (docket no. 9); Respondents' Memorandum in Opposition to Petitioner's Motion to Modify the Court's November 21, 2005 Order at 1, dated June 9, 2006 (docket no. 53).

court's jurisdiction to adjudicate [this case]" raised by the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005) ("DTA"). See March 16 Stay Order at 3. The Government now concedes, as it must, that in light of the Supreme Court's decision in Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006), those questions have been resolved: the DTA does not apply to this case and, accordingly, this Court indisputably possesses jurisdiction to adjudicate Petitioner's claims. See Reply Brief for Appellants and Brief for Cross-Appellees at 4, dated August 2, 2006, Kiyemba v. Bush, et al. (Nos. 05-5487, et al.) ("Gov. Br.") (attached hereto as Exhibit A) (Government conceding that "[t]he district court[] retain[s] jurisdiction over the pending habeas action[] of appellee[] . . . Zakirjan"); id. at 6 ("The district court[] . . . may continue to exercise jurisdiction over [Zakirjan's] habeas case[].").

Petitioner therefore requests that the Court vacate the March 16 Stay Order, and address all motions currently pending before the Court, including Petitioner's Emergency Motion for Immediate Release and/or Production of the Body, dated December 16, 2005 (docket no. 29), which requests, among other things, that the Court 1) issue an order requiring Respondents to release Petitioner from detention and/or 2) issue an order requiring Respondents to transfer Petitioner to the District of Columbia until such time as a suitable destination country may be determined.

**BACKGROUND**

Petitioner has been imprisoned by U.S. forces for more than four years. Although the government determined over a year ago (perhaps several years ago) that he is innocent and should be released, he remains imprisoned in Guantánamo, surrounded by razor wire and denied any meaningful access to the outside world. Accordingly, on December 16, 2005, Petitioner filed Petitioner's Emergency Motion for Immediate Release and/or Production of the Body, by

which he requested that the Court 1) issue an order requiring Respondents to release Petitioner from detention and/or 2) issue an order requiring Respondents to transfer Petitioner to the District of Columbia until such time as a suitable destination country may be determined.

On December 30, 2005, Congress enacted the DTA, which provides, among other things, that "no court, justice, or judge shall have jurisdiction to hear or consider— (1) an application for a writ of habeas corpus filed by or on behalf of an alien detained by the Department of Defense at Guantanamo Bay, Cuba." DTA § 1005(e)(1). The DTA also provides that the United States Court of Appeals for the District of Columbia Circuit shall have exclusive jurisdiction to determine the validity of "any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant" and "any final decision rendered pursuant to Military Commission Order No. 1, dated August 31, 2005 (or any successor military order)." DTA §§ 1005(e)(2), (3).

On January 4, 2006, the government filed a Notice of Supplemental Authority in this case, asserting that the DTA "amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba." Notice of Supplemental Authority, dated January 3, 2006 (docket no. 34). Petitioners such as Zakirjan opposed the government's interpretation of the DTA in various proceedings before the Court of Appeals for the District of Columbia Circuit and the Supreme Court, arguing that the DTA did not apply to cases pending before the enactment of the DTA or, in any event, to matters involving non-enemy combatants.

In light of the DTA, the Court issued the March 16 Stay Order:

> On December 30, 2005, President Bush signed into law the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"). Section 1005(e) of the Act, entitled Judicial Review of Enemy Combatants, raises serious questions concerning whether this court

3

retains jurisdiction to hear the above-captioned cases. The question of whether this Court retains jurisdiction to entertain these matters is currently pending resolution by both the Supreme Court [in Hamdan v. Rumsfeld (05-184)] and Court of Appeals for the District of Columbia Circuit [in Boumediene v. Bush (05-5062) and Khalid v. Bush (05-5063)]. Accordingly, it is the 16th day of March, 2006, hereby

ORDERED that all pending motions in [this case] are HELD IN ABEYANCE until such time as either the Supreme Court or the D.C. Circuit resolves the question of this court's jurisdiction to adjudicate [this case]; and it is further

ORDERED that all action in [this case] is STAYED pending the jurisdictional ruling of either the Supreme Court or the D.C. Circuit.

## ARGUMENT

On June 29, 2006, the Supreme Court, in Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006), explicitly rejected the government's argument that Section 1005(e) of the DTA applies to habeas petitions pending at the time of the DTA's enactment. In Hamdan – which, like this case, involved a habeas petition that was pending prior to the enactment of the DTA on December 30, 2005 – the Supreme Court squarely held "that §1005(e)(1) does not strip federal courts' jurisdiction over cases pending on the date of the DTA's enactment." Id. at 2769 n.15. Section 1005(e)(1) therefore has no relevance to this case. See Gov. Br. at 6-7 ( "section 1005(e)(1) of the DTA does not apply to habeas claims pending on the date of its enactment").

In addition, the Supreme Court recognized that "subsections (e)(2) and (e)(3) [of § 1005] grant jurisdiction only over actions to 'determine the validity of any final decision' of a CSRT or commission." Hamdan, 126 S. Ct. at 2768-69. Thus, an individual such as Zakirjan who is "not contesting any 'final decision' of a CSRT or military commission . . . does not fall within the scope of subsection (e)(2) or (e)(3)." Id. at 2769; see Gov. Br. at 6 ("Because . . . Zakirjan ha[s] been determined by a CSRT not to be [an] enemy combatant[], [he] do[es] not

4

challenge any final CSRT decisions. As a result, this Court's 'exclusive' jurisdiction under 1005(e)(2) is inapplicable to [his] case[].").

Any questions that may have been raised as a result of the enactment of the DTA concerning this Court's jurisdiction to adjudicate Petitioner's claims were fully resolved by the Supreme Court's decision in Hamdan. Accordingly, the Court should vacate the March 16 Stay Order and address the merits of Zakirjan's Petition for Writ of Habeas Corpus.

## CONCLUSION

For the foregoing reasons and for any other reason that may become known to the Court, Petitioner respectfully requests that the Court vacate the March 16 Stay Order and address all motions pending in this case, including:

- Petitioner's Emergency Motion for Immediate Release and/or Production of the Body, dated December 16, 2005 (docket no. 29); and

- Emergency Motion to Render Access to Client Meaningful By Compelling Respondents to Produce Information Concerning Combatant Status Review Tribunal and Administrative Review Board Proceedings, dated March 6, 2006 (docket no. 41).

Dated: August 10, 2006

Respectfully submitted,

Counsel for Petitioner Zakirjan:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____/s/_____
    Jonathan I. Blackman (NY3846)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:
  Christopher P. Moore (NY4936)
  John Van Sickle (NY6487)
  Lia Monahon (NY6366)
  Patrick A. Sheldon (NY1598)

CENTER FOR CONSTITUTIONAL RIGHTS
Barbara Olshansky (NY0057)
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 100012
Tel: (212) 614-6437
Fax: (212) 614-6499

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKIRJAN,<br><br>    Petitioner/Plaintiff,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>    Respondents/Defendants. | Case No. 05-Cv-2053 (HHK) (AK) |

## PROPOSED ORDER

Before the court is petitioner's Motion to Vacate the March 16, 2006 Stay Order (docket no. __).  Upon consideration of the motion, opposition thereto and the record of this case, it is hereby

**ORDERED**, that petitioner's motion is **GRANTED**; and it is further

**ORDERED**, that the Order dated March 16, 2006 (docket no. 46) is hereby **VACATED**.

                                                                Henry H. Kennedy, Jr.
                                                                United States District Judge