PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZAKIRJAN,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK) (AK)

**MOTION FOR ORDER 1) GRANTING WRIT OF HABEAS
CORPUS, 2) DECLARING THE CONTINUED DETENTION
OF PETITIONER UNLAWFUL AND 3) SCHEDULING
A HEARING ON SEPTEMBER 6, 2006 TO ADDRESS THE
CIRCUMSTANCES UNDER WHICH PETITIONER SHALL BE RELEASED**

Petitioner Zakirjan Hassam ("Petitioner" or "Zakirjan") – a concededly innocent man who has been imprisoned in Guantánamo Bay, Cuba ("Guantánamo") for more than four years[1] – respectfully moves the Court, through undersigned counsel, to 1) pursuant to 28 U.S.C. § 2241, grant Petitioner's request for writ of habeas corpus, 2) pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57, declare Petitioner's continued detention unlawful, and 3) schedule a hearing on September 6, 2006, or as soon as possible thereafter, to address the circumstances under which Petitioner shall be released.  See 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require"); Fed. R. Civ. P. 57 ("The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."); Local Civil Rule 7(f).

---

[1] Respondents concede that Petitioner is <u>not</u> an "enemy combatant" and that he should be released.  See Respondents' Memorandum in Opposition to Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction Barring Transfer or Release or Requiring Advance Notice of Transfer or Release, dated November 3, 2005 ("Opposition to PI and TRO") at 3 (docket no. 9); Respondents' Memorandum in Opposition to Petitioner's Motion to Modify the Court's November 21, 2005 Order, dated June 9, 2006 at 1 (docket no. 53).

**PRELIMINARY STATEMENT**

Petitioner Zakirjan is now in his fifth year of imprisonment in Guantánamo, despite the fact that Respondents determined over seventeen months ago that he is not an "enemy combatant" and should therefore be released.[2] See Opposition to PI and TRO at 3. Respondents also concede that this Court has the authority to exercise jurisdiction over Petitioner's habeas petition. See Reply Brief for Appellants and Brief for Cross-Appellees, dated August 2, 2006 at 4, Kiyemba v. Bush, et al. (Nos. 05-5487, et al.) (Government recognizing in light of the Supreme Court's decision in Hamdan v. Rumsfeld, 126 S. Ct. 2749, 2768-69 (2006), that "[t]he district court[] retain[s] jurisdiction over the pending habeas action[] of appellee[] . . . Zakirjan"); id. at 6 ("The district court[] . . . may continue to exercise jurisdiction over [Zakirjan's] habeas case[]."); see also Order, dated August 18, 2006 (docket no. 61) (granting Petitioner's Motion to Vacate the March 16, 2006 Stay Order, thereby lifting the stay in these proceedings). In light of these undisputed facts, the government's continued imprisonment of Petitioner can no longer be sustained by suggestions of jurisdictional limitations or military necessity. Petitioner therefore respectfully submits that the immediate issuance by this Court of an order granting his request for writ of habeas corpus and declaring his continued detention unlawful is not only appropriate, but statutorily required.

**ARGUMENT**

On June 28, 2004, in Rasul v. Bush, the Supreme Court established beyond peradventure that this Court has the authority and duty to determine the legality of Zakirjan's indefinite detention. See Rasul v. Bush, 542 U.S. 466, 483 (2004) ("We . . . hold that § 2241

---

[2] Respondents' mistaken belief that Petitioner was an "enemy combatant" was the sole basis for his initial detention by U.S. forces in Afghanistan in April 2002, and his subsequent transfer to Guantánamo in June 2002, where he remains imprisoned today.

confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantánamo Bay Naval Base."); Petition for Writ of Habeas Corpus, dated October 19, 2005 at 1-2, 8, 27-28 (docket no. 1) ("Petition") (alleging, among other things, that Petitioner is entitled to habeas corpus relief under 28 U.S.C. § 2241 and declaratory relief under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 in the form of an order stating that his continued detention at Guantánamo is unlawful).

Although the Supreme Court has upheld the Executive's authority to detain enemy combatants, see Hamdi v. Rumsfeld, 542 U.S. 507, 518 (2004) ("We conclude that detention of [enemy combatants], for the duration of the particular conflict in which they were captured, is . . . an exercise of the 'necessary and appropriate force' Congress has authorized the President to use."), this authority is explicitly limited, as "[t]he purpose of detention is to prevent captured individuals from returning to the field of battle and taking up arms once again," id. (citing Naqvi, Doubtful Prisoner-of-War Status, 84 Int'l Rev. Red Cross 571, 572 (2002) ("[C]aptivity in war is 'neither revenge, nor punishment, but solely protective custody, the only purpose of which is to prevent the prisoners of war from further participation in the war'") (quoting decision of Nuremberg Military Tribunal, reprinted in 41 Am. J. Intl'l L. 172, 229 (1947)) (additional citations omitted)).  Thus, the basis for detaining enemy combatants articulated in Hamdi simply does not apply to this case:  the government determined over seventeen months ago through the Combatant Status Review Tribunal ("CSRT") process that Petitioner Zakirjan is not an enemy combatant and is therefore entitled to release.[3]  See

---

[3]  The Combatant Status Review Tribunal ("CSRT") process – established just nine days after the Supreme Court's decision in Rasul – was created to review the status of foreign nationals held at Guantánamo as enemy combatants.  See Memorandum for the Secretary of the Navy, "Order Establishing Combatant Status Review Tribunal," dated July 7, 2004.  According to the Department of Defense, that process was completed no later than March 29, 2005.  See Defense Department Special Briefing on Combatant Status Review Tribunals, Presenter: Secretary of The Navy Gordon

3

Opposition to PI and TRO at 3 ("Petitioner alleges, and respondents hereby confirm, that he was determined in his CSRT to be no longer classified as an enemy combatant.");[4] Qassim v. Bush, 407 F. Supp. 2d 198, 201 (D.D.C. 2005) ("Nothing in this record establishes that the government has or could reasonably have a concern that these petitioners [whom the government concedes are not enemy-combatants] would return to the battlefield if released.").

The only basis the government has ever asserted for the detention of non-enemy combatants such as Zakirjan is its purported "wind-up" authority. See Respondents' Opposition to Petitioner's Emergency Motion for Immediate Release and/or Production of the Body, dated December 30, 2005 at 4 (docket no. 33-1) ("[T]he Executive's authority to detain suspected enemy combatants is firmly established . . . and that power to detain a suspected enemy combatant necessarily includes the authority to wind up the detention in an orderly fashion after a detainee has been determined to no longer be an enemy combatant . . . ").[5] However, as Judge Robertson noted in Qassim, "[t]here is no basis for this claimed authority except the Executive's assertion of it." See Memorandum Order, dated August 19, 2005 at 3, Qassim v. Bush, No. 05-CV-0497 (JR); see also Qassim, 407 F. Supp. 2d at 200 ("The support the government offers for

---

England (March 29, 2005) at 1 ("[t]he Combatant Status Review Tribunals for all of the DOD detainees at Guantánamo are completed"); Defense Department Special Briefing on Administrative Review Boards for Detainees at Guantánamo Bay, Cuba, Presenter: Director, Office for the Administrative Review of the Detention of Enemy Combatants, Rear Adm. James McGarrah (July 8, 2005) at 1 ("we finished the Combatant Status Review Tribunals back in March of this year").

[4] The government's preferred nomenclature of "no longer enemy combatant" has been rightly described as a "Kafka-esque" term that "deliberately begs the question of whether these petitioners ever were enemy combatants." Qassim v. Bush, 407 F. Supp. 2d 198, 200 (D.D.C. 2005) (emphasis added).

[5] The government's "wind-up" argument has been briefed by the parties. To avoid the need for further briefing on this point and for the Court's convenience, the parties' submissions are attached as Exhibits 1-3 to the Declaration of Christopher P. Moore in Support of Petitioner's Motion for Order 1) Granting Writ of Habeas Corpus, 2) Declaring the Continued Detention of Petitioner Unlawful and 3) Scheduling a Hearing on September 6, 2006 to Address the Circumstances Under Which Petitioner Shall be Released.

4

its assertion of 'wind up' authority is unpersuasive and, in my view, actually cuts against the government's position."). Judge Robertson was correct. The government cites no authority for its claimed power indefinitely to imprison non-enemy combatants as a "wind up" to its claimed war powers, and none exists. See Rasul, 542 U.S. at 488 (recognizing that indefinite detention "suggests a weaker case of military necessity and much greater alignment with the traditional function of habeas corpus") (Kennedy, J., concurring); INS v. St. Cyr, 533 U.S. 289, 302-03 (2001); Brown v. Allen, 344 U.S. 443, 532 (1953) (Jackson, J., concurring), overruled on other grounds; Williams v. Taylor, 529 U.S. 362, 410-11 (2000); Ex Parte Burford, 7 U.S. 448, 453 (1806).

This is not a case in which an avowed "enemy combatant" remains in a prison camp after a war ends. See Article 118 of the Geneva Convention (III) relative to the treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316, 75 U.N.T.S. 135 (1955) ("Prisoners of War shall be released and repatriated without delay after the cessation of active hostilities.") (emphasis added); see also Hamdi, 542 U.S. at 520. It is a case where a man who never was an "enemy combatant" was imprisoned in secret, and remains imprisoned today, despite the fact that the government itself has determined that there is no basis for his detention. See Qassim, 407 F. Supp. 2d at 201 (holding that the "indefinite imprisonment at Guantanamo Bay [of non-enemy combatants] is unlawful.").

Accordingly, Petitioner requests that the Court grant Petitioner's request for writ of habeas corpus and declare Petitioner's continued detention in Guantánamo unlawful. Petitioner further requests that the Court schedule a hearing on September 6, 2006, or as soon as possible thereafter, to address the circumstances under which Petitioner shall be released. See 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the

matter as law and justice require"); Fed. R. Civ. P. 57 ("The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."); Local Civil Rule 7(f).

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter an Order 1) granting Petitioner's request for writ of habeas corpus, 2) declaring Petitioner's continued detention at Guantánamo unlawful and 3) scheduling a hearing on September 6, 2006, or as soon as possible thereafter, to address the circumstances under which Petitioner shall be released.

Dated:  August 31, 2006                          Respectfully submitted,

                                                 Counsel for Petitioner Zakirjan:

                                                 CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                                 By:             /s/
                                                        Jonathan I. Blackman (NY3846)
                                                 One Liberty Plaza
                                                 New York, New York 10006
                                                 (212) 225-2000

Of Counsel:
  Christopher P. Moore (NY4936)
  John Van Sickle (NY6487)
  Lia Monahon (NY6366)
  Patrick A. Sheldon (NY1598)

                                                 CENTER FOR CONSTITUTIONAL RIGHTS
                                                 Barbara Olshansky (NY0057)
                                                 Gitanjali S. Gutierrez (NY1234)
                                                 666 Broadway, 7th Floor
                                                 New York, New York 100012
                                                 Tel: (212) 614-6437
                                                 Fax: (212) 614-6499

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZAKIRJAN,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK) (AK)

PROPOSED ORDER

Before the Court is Petitioner's Motion for Order 1) Granting Writ of Habeas Corpus, 2) Declaring Petitioner's Continued Detention Unlawful and 3) Scheduling a Hearing on September 6, 2006 to Address the Circumstances Under Which Petitioner Shall Be Released (docket no. __). Upon consideration of the motion, opposition thereto and the record of this case, it is hereby

**ORDERED**, that Petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **GRANTED**; and it is further

**ORDERED**, that Petitioner's motion for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 is hereby **GRANTED** in so far as the continued detention by Respondents of Petitioner is unlawful; and it is further

**ORDERED**, that counsel for Petitioner and Respondents shall appear before this Court on _____ at _:___ to address the circumstances under which Petitioner shall be released from Respondents' custody.

                                                    Henry H. Kennedy, Jr.
                                                    United States District Judge