IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
ZAKIRJAN, *et al.*,                              )
                                               )
       Petitioners,                  )
                                               )
       v.                            )   Civil Action No. 05-2053 (HHK)
                                               )
GEORGE W. BUSH, President of                   )
the United States, *et al.*,                   )
                                               )
       Respondents.                  )
)

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION
FOR ORDER GRANTING WRIT OF HABEAS CORPUS,
DECLARING PETITIONER'S DETENTION UNLAWFUL, AND SCHEDULING
A HEARING ON THE CIRCUMSTANCES OF PETITIONER'S "RELEASE"**

**INTRODUCTION**

Petitioner Zakirjan has moved for an order granting his request for a writ of *habeas corpus*, declaring his continued detention at Guantanamo Bay to be unlawful, and scheduling a hearing for September 6, 2006, to determine the circumstances under which he should be released.[1] This motion differs in no meaningful respect from petitioner's "emergency" motion for immediate release, filed in December 2005, and should be denied for essentially the same reasons explained in respondents' opposition to that motion, which need only briefly be reprised herein.[2] In short, regardless of the fact that the Court's jurisdiction to hear petitioner's claims is

---

[1] Motion for Order 1) Granting Writ of Habeas Corpus, 2) Declaring the Continued Detention of Petitioner Unlawful, and 3) Scheduling a Hearing on September 6, 2006 To Address the Circumstances Under Which Petitioner Shall Be Released (dkt. no. 63) ("Pet'r's Mot.").

[2] See Petitioner's Emergency Motion for Immediate Release and/or Production of the Body (dkt. no. 29); Opposition to Petitioner's Emergency Motion for Immediate Release and/or Production of the Body (dkt. no. 34) ("Resps.' Opp. To Emergency Mot.").

no longer in dispute, it remains the case that further proceedings on the merits of those claims should await the outcome of the pending appeals in Khalid v. Bush, In re Guantanamo Detainee Cases (a.k.a. Al-Odah v. Bush), and the consolidated cases captioned Kiyemba v. Bush, the latter of which deal specifically with the rights of detainees, such as petitioner, who respondents have determined are no longer enemy combatants ("NLECs").  In any event, as Judge Robertson held in Qassim v. Bush, 407 F. Supp. 2d 198, 201-03 (D.D.C. 2005), appeal dismissed as moot, No. 05-5477, Order and Memorandum (D.C. Cir. Aug. 14, 2006), the *habeas corpus* statute extends no authority to a federal court to order the release of non-resident aliens held outside the territory of the United States, even NLEC detainees such as petitioner.  Accordingly, the instant motion, like petitioner's earlier motion for immediate release, must be denied.

## ARGUMENT

**I.     CONSIDERATION OF PETITIONER'S CLAIMS SHOULD AWAIT THE RESOLUTION OF PENDING APPEALS CONCERNING THE RIGHTS OF GUANTANAMO BAY DETAINEES.**

Respondents have already shown why the Court should refrain from addressing petitioner's claims until the pending appeals are decided in Khalid v. Bush, 355 F. Supp.2d 311 (D.D.C. 2005), appeals pending, Nos. 05-5062, 05-5063 (D.C. Cir.), and In re Guantanamo Detainee Cases, 355 F. Supp.2d 443 (D.D.C. 2005), appeal pending sub nom Al-Odah v. Bush, No. 05-5064 (D.C. Cir.).[3/]  This remains the case even though, as petitioner observes, respondents no longer contest the jurisdiction of this Court to hear his *habeas corpus* claims, in light of the Supreme Court's interpretation of the Detainee Treatment Act in Hamdan v.

---

[3/] See Respondents' Motion for Order To Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, in the Alternative, To Stay Proceedings Pending Related Appeals (dkt. no. 14), at 14-21.

Rumsfeld, 126 S. Ct. 2749, 2768-69 (2006).  See Pet'r's Mot. at 2 (citations omitted).  Quite apart from the jurisdictional issue, the petition in this case raises legal issues that are squarely presented by the appeals in Khalid and the Guantanamo Detainee Cases, such as the substantive rights available to Guantanamo detainees, and it still makes no sense for proceedings related to the merits of this case to go forward when the D.C. Circuit's decisions in those appeals will provide guidance concerning how this case may proceed, and the legal analyses applicable to petitioner's claims.

This is all the more so in light of the consolidated appeals, to be argued on September 11, 2006, in Kiyemba v. Bush, et al., Nos. 05-5487, et al. (D.C. Cir.).  Those cases, which include the government's appeal of orders in this case requiring advance notice of any transfer of petitioner out of United States custody, see Zakirjan v. Bush, Nos. 06-5042, 06-5234 (D.C. Cir.), present questions dealing with the rights, specifically, of NLEC detainees such as petitioner, including whether a court may place constraints on the government's ability to relinquish custody of a detainee and transfer him to another country, and, potentially, whether a detainee has a right of release pending appeal.[4]  Thus, the decision in the Kiyemba appeals may also offer useful guidance as to the proper resolution of petitioner's claim for release in this case.

The Supreme Court admonished in Hamdi v. Rumsfeld, 542 U.S. 507, 539-40 (2004), that the lower courts should "proceed with the caution that . . . is necessary," and take only "prudent and incremental" steps when faced with novel issues presented by the *habeas corpus* petitions of military detainees captured in the global war on terror.  In the current setting of this

---

[4] Petitioner has filed a motion in the Court of Appeals for release pending appeal.  The government has opposed the motion, however, arguing, among other things, that it is not properly asserted on appeal.

3

case -- where the legal principles applicable to petitioner's claims may soon be resolved by the Court of Appeals -- it would be neither prudent nor appropriate to take the kind of precipitous action that petitioner again urges upon the Court.

## II. PETITIONER IS NOT ENTITLED TO RELEASE WITHIN THE UNITED STATES, OR ELSEWHERE, AS HELD IN QASSIM.

Apart from the fact that attempting to decide the merits of petitioner's claims would be ill-advised at this juncture, petitioner is not entitled, under any circumstances, to the relief he seeks -- an order directing that he "be released from Respondents' custody." Pet'r's Mot., Proposed Order. Petitioner argues again that, owing to his NLEC status, the government has no legal basis to detain him. Pet'r's Mot. at 2-6. To the contrary, as respondents have previously shown, the Executive's authority to detain suspected enemy combatants is firmly established, see, e.g., Hamdi, 542 U.S. at 518, and historically has included authority to wind up the detention of former enemy combatants in an orderly fashion. Also supporting the government's authority to detain petitioner in the present circumstances is the Supreme Court's decision in Shaughnessy v. Mezei, 345 U.S. 206 (1953), which recognized government's authority to detain a non-resident alien in the government's custody until such time as a country willing to admit him can be found. See generally Resps.' Opp. To Emergency Mot. at 4-5.

Even if the Court were to address the merits of petitioner's claims, and conclude that his continued detention at Guantanamo Bay were unlawful, his request for release, under any circumstances, would still have to be denied, because the *habeas corpus* statute affords no relief to an NLEC detainee such as petitioner here. Petitioner's motion, like his previous request for immediate release, simply begs the question where respondents should be instructed to release him. As Judge Robertson concluded in Qassim, 407 F. Supp. 2d at 202-03, and as respondents

4

have shown in pending cases brought by other Guantanamo Bay detainees,[5] a federal court lacks any authority under the *habeas corpus* statute (or otherwise) to direct that non-resident aliens such as petitioner be admitted to the United States.  Nor could the Court direct that petitioner be released into the general population at the Guantanamo Bay Naval Base, as Judge Robertson also recognized.  Qassim, 407 F. Supp. 2d at 202, citing Cafeteria & Rest. Workers Union, Local 473 v. McElroy, 367 U.S. 886, 890, 893 (1961)).  See also Greer v. Spock, 424 U.S. 828, 838 (1976).

Thus, as was the case in Qassim, during the period in which a suitable host country in which to resettle petitioner has yet to be found "a federal court has no relief to offer" an NLEC detainee in his situation.  407 F. Supp. 2d at 203.  Respondents observe that the government continues diligently to pursue resettlement options for petitioner.  Those multifaceted diplomatic efforts are still further reason why petitioner's motion should be denied, so as to avoid injecting the Court into the midst of matters, involving the foreign relations of the United States, so firmly and traditionally committed to the Executive.  But even if it were appropriate to address the merits of petitioner's claim of unlawful detention at this time, his request for release would in any event have to be denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion for an order granting a writ of *habeas corpus*, declaring his continued detention unlawful, and convening a hearing on the circumstances of his release, should be denied.

---

[5] See, e.g., Respondents' Opposition to Petitioner Saddiq Doe's Motion for Immediate Production of the Body and Grant of Writ, or, in the Alternative, Grant of Interim Release, filed in Kiyemba v. Bush, No. 05-1509 (RMU) (dkt. no. 32), at 11-15.

Dated: September 1, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


 /s/ James J. Gilligan
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
JAMES J. GILLIGAN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7212
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents