PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ZAKIRJAN,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK) (AK)

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PETITIONER'S MOTION FOR ORDER 1) GRANTING WRIT OF HABEAS CORPUS, 2) DECLARING THE CONTINUED DETENTION OF PETITIONER UNLAWFUL AND 3) SCHEDULING A HEARING ON SEPTEMBER 6, 2006 TO ADDRESS THE CIRCUMSTANCES UNDER WHICH PETITIONER SHALL BE RELEASED

In response to Petitioner Zakirjan Hassam's ("Petitioner") motion for an order 1) pursuant to 28 U.S.C. § 2241, granting Petitioner's request for writ of habeas corpus, 2) pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57, declaring Petitioner's continued detention unlawful, and 3) scheduling a hearing on September 6, 2006, or as soon as possible thereafter, to address the circumstances under which Petitioner shall be released (docket no. 63, "Petitioner's Motion"), which remains pending, Respondents sought further delay based on the appeals in Al-Odah v. Bush, Nos. 05-5064, 05-5095 through 05-5116, and Boumediene v. Bush, Nos. 05-5062 and 5063 (D.C. Cir.).[1]  This is the very same argument that Respondents made and the Court rejected this week in Al-Asadi v. Bush, No. 05-CV-2197 (HHK).  See Respondents' Opposition to Petitioner's Motion to Lift Stay (docket no. 34-1), dated September 7, 2006, Al-Asadi v. Bush, No. 05-CV-2197 at 6; Order (docket no. 35), dated September 11, 2006, Al-Asadi v. Bush, No. 05-CV-2197 (granting Petitioner Al-Asadi's motion to lift stay).

---

[1]   See Respondents' Opposition to Petitioner's Motion (docket no. 65-1, "Opp."), dated September 1, 2006 at 2-3.

The Court correctly held that the <u>Al-Odah</u> and <u>Boumediene</u> appeals provide no basis for staying Petitioner Al-Asadi's case.  Likewise, those appeals – which concern claims asserted by alleged <u>enemy combatants</u> – provide no basis for further delaying a merits determination for an <u>innocent non-combatant</u> such as Petitioner.  Addressing the merits of Petitioner's claims would hardly be a "precipitous action," as Respondents have suggested, <u>see</u> Opp. at 4, but would afford Petitioner the process he is owed under <u>Rasul v. Bush</u>, 542 U.S. 466, 485 (2004) (remanding "for the District Court to consider in the first instance the merits of petitioners' claims").  <u>See also</u> 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.").

Dated: September 14, 2006

Respectfully submitted,

Counsel for Petitioner Zakirjan:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:_____/s/_____
      Jonathan I. Blackman (NY3846)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:
  Christopher P. Moore (NY4936)
  John Van Sickle (NY6487)
  Lia Monahon (NY6366)
  Patrick A. Sheldon (NY1598)

CENTER FOR CONSTITUTIONAL RIGHTS
Barbara Olshansky (NY0057)
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 100012
Tel: (212) 614-6437
Fax: (212) 614-6499