PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

ZAKIRJAN,

    Petitioner/Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Respondents/Defendants.

Case No. 05-Cv-2053 (HHK) (AK)

**NOTICE OF FURTHER SUPPLEMENTAL AUTHORITY IN SUPPORT OF PETITIONER'S MOTION FOR ORDER 1) GRANTING WRIT OF HABEAS CORPUS, 2) DECLARING THE CONTINUED DETENTION OF PETITIONER UNLAWFUL AND 3) SCHEDULING A HEARING ON SEPTEMBER 6, 2006 TO ADDRESS THE CIRCUMSTANCES UNDER WHICH PETITIONER SHALL BE RELEASED**

    Yesterday, Respondent George W. Bush signed into law the Military Commissions Act of 2006, Pub. L. 109-___ (the "MCA"). Although the MCA raises serious jurisdictional questions concerning the right of alleged enemy combatants at Guantánamo Bay to seek judicial review of their continued detention, it does <u>not</u> on its face apply to cases involving non-enemy combatants such as Petitioner Zakirjan. <u>See</u> MCA § 7(a), amending 28 U.S.C. § 2241 (purporting to strip courts of jurisdiction over any habeas corpus petition "filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an <u>enemy combatant</u> or is awaiting such determination," and over "any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained . . . as an <u>enemy combatant</u> or is awaiting such determination") (emphasis added).

    More than eighteen months ago, Respondents determined that Petitioner is an innocent non-combatant. He has lost three times that many months – over four and half years – of his life in U.S. custody. The MCA is a sweeping piece of legislation that nevertheless – by its

own terms – does not apply to non-enemy combatants like Petitioner and, as such, is a powerful demonstration of Petitioner's exceptional circumstances. Of more than 400 men imprisoned at Guantánamo at the time of the MCA's signature, only three are known to be non-enemy combatants – including Petitioner – and therefore retain without question the benefit of judicial oversight and the remedies guaranteed by the Great Writ of Habeas Corpus.[1] Accordingly, the MCA reaffirms the Supreme Court's ruling over two years ago that Petitioner Zakirjan is entitled to a prompt review of the merits of his habeas petition. See Rasul v. Bush, 542 U.S. 466, 481 (2004) ("Aliens held at the base, no less than American citizens, are entitled to invoke the federal courts' authority under § 2241."); id. at 485 ("remand[ing] for the District Court to consider in the first instance the merits of petitioners' claims").

Dated: October 18, 2006

Respectfully submitted,

Counsel for Petitioner Zakirjan:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____/s/_____
       Jonathan I. Blackman (NY3846)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:
  Christopher P. Moore (NY4936)
  John Van Sickle (NY6487)
  Lia Monahon (NY6366)
  Patrick A. Sheldon (NY1598)

CENTER FOR CONSTITUTIONAL RIGHTS
Barbara Olshansky (NY0057)
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 100012
Tel: (212) 614-6437
Fax: (212) 614-6499

---

[1] See Alladeen v. Bush, No. 05 CV 0833 (JR) (habeas petition filed on behalf of known non-enemy combatant); Abu Muhammed v. Bush, No. 05 CV 2087 (RMC) (same).